THOMAS J. DUNN, Respondent, *v.* UVALDE ASPHALT PAVING COMPANY, Appellant.

COUNTERCLAIM — WHEN LIABILITY ARISING FROM NEGLIGENCE OF SUB-CONTRACTOR MAY BE COUNTERCLAIMED IN ACTION BROUGHT BY HIM AGAINST HIS EMPLOYERS FOR BALANCE DUE UNDER SUB-CONTRACT. In an action brought against general contractors, by a sub-contractor employed to set new curb and repair old curbstones upon a city street, to recover a balance due for work done and materials furnished under the sub-contract, the defendants cannot counterclaim or set off against such demand the damages claimed in other actions brought against them for injuries to property alleged to have been caused by negligent or unskillful work of the sub-contractor, where such actions are still pending and none of the damages claimed therein have been adjudicated against them or paid by them; but damages which have been recovered against them and paid by them may be set up as a counterclaim, and, under the contract, implied by law, that the sub-contractor should indemnify his employers against any liability or loss which might arise from his negligent performance of the work which he engaged to do, the general contractors may also counterclaim damages arising from his negligence voluntarily paid by them before judgment, upon proof of their liability therefor and of the reasonableness of the amount paid.

*Dunn* v. *Uvalde Asphalt Paving Co.*, 74 App. Div. 631, modified.

(Argued May 11, 1903; decided May 22, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 16, 1902, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*R. Floyd Clarke* for appellant. Where damages have been recovered against a person not at fault on account of the negligence of some third party, the person so held liable may pay the judgment and thereupon sue the guilty party and recover. (*O. S. N. Co.* v. *C. T. A. Espanola,* 134 N. Y. 461; 144 N. Y. 663; *Trustees of Canandaigua* v. *Foster,* 156 N. Y. 354; *Mayor* v. *Brady,* 151 N. Y. 611; *City of Brooklyn* v. *B. R. R. Co.,* 47 N. Y. 475; *Rochester* v. *Campbell,* 123 N. Y. 405; *Chicago* v. *Robbins,* 4 Wall. 457; *W. G. Co.* v. *District of Columbia,* 161 U. S. 316; *Churchill* v. *Holt,* 127 Mass. 165; *O. C. R. R. Co.* v. *Slavens,* 148 Mass. 363; *G. T. R. Co.* v. *Latham,* 63 Me. 177.) The trial judge erred in holding that the defendant could not prove any damage that may have been suffered by third persons by the negligence of the plaintiff unless it also appears that the liability of the defendant has been adjudicated upon and adjusted by an action and a judgment. (*Smith* v. *Foran,* 43 Conn. 244; *Swansey* v. *Chase,* 16 Gray, 303; *Gray* v. *B. G. L. Co.,* 114 Mass. 149; *Brown* v. *Hodgson,* 14 Taunt. 189; *Mayden* v. *Forster,* 5 Taunt. 615; Thompson on Neg. 789; *Taylor* v. *Paterson,* 9 La. Ann. 251.) The answer alleged a valid counterclaim, based upon the liability of defendant to Miller and Lustig and Herme. (*Gray* v. *B. G. L. Co.,* 114 Mass. 149; *Churchill* v. *Holt,* 127 Mass. 165; *Howe* v. *B., N. Y. & E. Ry. Co.,* 37 N. Y. 297.) The facts alleged with regard to the claims of Miller and Lustig and Herme against defendant gave defendant a right of equitable setoff. (*Hughitt* v. *Hayes,* 136 N. Y. 163; *Rothschild* v. *Mack,* 115 N. Y. 1; *Smith* v. *Felton,* 43 N. Y. 419; *Coffin* v. *McLean,* 80 N. Y. 560; *Cummings* v. *Morris,* 25 N. Y. 625; *Richards* v. *La Tourette,* 119 N. Y. 54.)

*Jacob Marks* for respondent. Under the relations existing between the parties to this action, which the defendant admits to be that of principal and agent, there being no express con-

tract for liability, and the plaintiff being liable only under an indemnity implied from the nature of those relations, the mere existence of a claim of liability by third parties against the defendant is not legal damage, and does not furnish any ground for a counterclaim or set-off against plaintiff unless such claim had been paid by defendant after the recovery of a judgment against it. (*Brown* v. *M. & T. Bank*, 43 App. Div. 173; 16 App. Div. 208; *Maloney* v. *Nelson*, 144 N. Y. 182; *Rector, etc.,* v. *Higgins*, 48 N. Y. 593; *O. S. N. Co.* v. *Campania T. E.*, 134 N. Y. 461; *Village of Port Jervis* v. *F. Nat. Bank*, 96 N. Y. 550; *Gilbert* v. *Wiman*, 1 N. Y. 550; Sedg. on Dam. § 785; *Bank of Newburgh* v. *Bigler*, 83 N. Y. 51; *F. Nat. Bank* v. *F. Nat. Bank*, 77 N. Y. 320.)

WERNER, J. The defendant, the Uvalde Asphalt Paving Company, entered into a contract with the city of New York on July 10th, 1900, for the paving of the roadway of Eighth street, in that city, from Broadway to McDougal street. The plaintiff was a sub-contractor employed by the defendant to do the work of setting new curb and repairing the old curbstones under that contract. This action was brought to recover the balance of $2,615.27 due the plaintiff for the work done and materials furnished under his sub-contract. There is no dispute as to the amount due, and the only questions presented arise upon the defendant's counterclaim.

The defendant, in its counterclaim, alleged that the plaintiff had performed the work under his sub-contract in such a negligent and unskillful manner as to cause damage to adjoining property owners; that two cellars and their contents on East Eighth street were damaged by being flooded with water collected in a trench dug by the plaintiff, and that the flagging in the sidewalk in front of certain premises on West Eighth street was broken and destroyed; that by reason of this negligent work the persons affected thereby had brought suit against the defendant to recover damages therefor, amounting to $1,000 in one case, $673.97 in another and $26.21 in the third, which sums the defendant is legally bound to pay.

The plaintiff's reply is, in effect, a general denial of the defendant's counterclaim.

Upon the trial, after the plaintiff had rested, the defendant sought to introduce evidence tending to prove the damages which had been occasioned by the alleged negligence of the plaintiff to the persons who had brought suit against the defendant. The plaintiff's counsel objected to this evidence as incompetent, immaterial and irrelevant, and also upon the ground that it is not claimed that the defendant had been called upon to pay any damages by reason of the plaintiff's bad workmanship. The trial court sustained the objection and the defendant excepted. The defendant did not claim that it had paid any of the sums for which suits had been brought against it, except the sum of $26.21 claimed in one of the actions brought, and as to the payment of that item, which with costs amounted to $28.20, there was no dispute upon the trial.

The contract between the plaintiff and the defendant was informal and contained no express stipulation that the defendant should be indemnified against liability or loss which might arise from the negligent performance by the plaintiff of the work which he had engaged to do. The plaintiff's alleged liability must, therefore, be predicated upon the rule of law under which a person guilty of negligence is charged with the responsibility for his wrongful act, not only directly to the person injured, but indirectly to a person who is legally liable therefor. In the latter case the wrongdoer stands in the relation of indemnitor to the person who has been held legally liable, and the right to indemnity rests upon the principle that every one is responsible for the consequences of his own wrong, and if another person has been compelled to pay the damages which the wrongdoer should have paid the latter becomes liable to the former. (*Village of Port Jervis* v. *First Nat. Bank,* 96 N. Y. 550; *Oceanic S. N. Co.* v. *Compania T. E.,* 134 N. Y. 461.)

The learned counsel for plaintiff and defendant, respectively, are in substantial accord upon the general features of

the rule above stated, but they do not agree as to its applica-
tion to the case at bar. Counsel for the defendant insists that
the contract of indemnity raised by inference of law includes
indemnity against liability as well as against loss or damage,
and it is upon this theory that he urges defendant's right to
counterclaim the amounts for which it has been sued, although
they have not been paid. Counsel for the plaintiff contends
that defendant can have no right to a counterclaim until judg-
ment has been recovered against it and the same has been
paid. Neither of these conflicting positions can be maintained.
The contract of indemnity implied by law, in favor of one
who is legally liable for the negligence of another, covers loss
or damage, and not mere liability. (Sedgwick on Damages,
sec. 785; *Oceanic S. N. Co.* v. *Compania T. E.,* 134 N. Y.
461; *Village of Port Jervis* v. *First Nat. Bank,* 96 N. Y.
550.) On the other hand, such loss or damage may be volun-
tarily paid by the innocent party who is legally liable without
waiting for judgment (Thompson on Negligence, p. 789;
*Gray* v. *Boston Gas Light Co.,* 114 Mass. 149, cited with
approval in *Oceanic S. N. Co.* v. *Compania T. E.,* 134 N.
Y. 461), but, in that event, he undoubtedly assumes the risk
of being able to prove the actionable facts upon which his
liability depends as well as the reasonableness of the amount
which he pays.

The defendant offered to prove the damages sustained by
the persons who had brought suit against it, but admitted that
it had paid nothing except the said claim of $28.20. The rul-
ing of the learned trial court was correct, therefore, in exclud-
ing evidence to support that part of defendant's counterclaim
based upon demands which it had not paid, and erroneous in
refusing to allow that part of it which was based upon actual
payment. The counterclaim should not have been dismissed
altogether, but only so much thereof as related to the demands
against the defendant which it had not paid.

Counsel for the defendant further argues that if the defend-
ant is not entitled to assert as a counterclaim its liability to
others for plaintiff's negligence, it has at least a right of equi-

table set-off against the plaintiff. We cannot assent to this proposition. A set-off may be either a defense or a counterclaim, but the same obstacles that stand in the way of a counterclaim herein also present themselves to any claim of set-off. It is to be observed, moreover, that there can be no such thing as a right to "set off" a possible but unestablished liability unliquidated in amount, against a liquidated legal claim that is due and payable. This is as obviously impracticable in equity as in law. One of the essentials of equitable set-off is that the demand of the party claiming the right must be due at the time when the ground for equitable intervention arises. (*Munger* v. *Albany City Nat. Bank*, 85 N. Y. 589 ; *Richards* v. *La Tourette*, 119 N. Y. 59 ; *Fera* v. *Wickham* 135 N. Y. 223.) Defendant's claim against the plaintiff was not due at the time of the trial.

The judgment herein should, therefore, be modified by deducting therefrom the sum of $28.20, which should have been allowed upon defendant's counterclaim, and as thus modified affirmed, without costs of this appeal to either party.

PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN, VANN and CULLEN, JJ., concur.

Judgment accordingly.