THE PHŒNIX BRIDGE COMPANY, Respondent, *v.* DANIEL J. CREEM
and SETH L. KEENEY, Appellants.

*Negligence of a sub-contractor in not guarding obstructions in a city street — he is liable to the principal contractor for a judgment recovered against the latter by an injured pedestrian, and for the cost of defending the action.*

A corporation which had taken a contract, the performance of which involved the excavation of holes and the construction of foundations in a city street, sublet the work to contractors who performed the same, the corporation taking no part therein. During the progress of the work the sub-contractors negligently left upon the sidewalk of the street, in the night time, unguarded and unlighted, a heap of stones and dirt, in consequence of which a pedestrian sustained injuries. The husband of such pedestrian then brought an action against the corporation and recovered a judgment which the corporation paid.

*Held,* that notwithstanding that the corporation had no bond or contract of indemnity to secure it from the consequence of the negligence of the sub-contractors, it was entitled to receive from the sub-contractors the amount paid in settlement of the judgment and the costs and disbursements incurred in defending the action in which the judgment was recovered;

That while both the corporation and the sub-contractors were equally culpable and equally liable to the traveling public for the omission of duty which resulted in the injury, yet *as between themselves* the principal contractor was entitled to rely upon the sub-contractors to discharge the duty because of their contractual relations, and the former could only be deprived of the right of indemnity by proof that it did in fact participate in some manner in the omission beyond its mere failure to perform the duty imposed on both by the law.

APPEAL by the defendants, Daniel J. Creem and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 25th day of January, 1904, upon the verdict of a jury, which as to the first cause of action was rendered by direction of the court, and also from an order entered in said clerk's office on the 25th day of January, 1904, denying the defendants' motion for a new trial made upon the minutes.

*Joseph A. Burr,* for the appellants.

*Henry Galbraith Ward* [*George M. Clarke* with him on the brief], for the respondent.

HIRSCHBERG, P. J. :

On March 5, 1896, the plaintiff contracted with the Brooklyn and Brighton Beach Railroad Company for the building of an extension of the latter's elevated railroad which involved the excavation of holes and the construction of foundations for the superstructure in Bergen street of the then city of Brooklyn. Thereafter the work of excavating and building the foundations was subcontracted to and performed by the defendants, the plaintiff taking no personal part in it. During the progress of the work the defendants negligently left upon the sidewalk of Bergen street in the night time, unlighted and unguarded, a heap of stones and dirt, whereby a pedestrian, Kate Johnston, was caused to fall and to receive personal injuries. Her husband, Bernard Johnston, sued the plaintiff for the damages resulting to him from her injuries, and recovered a judgment for $4,348.40, which the plaintiff settled by paying him $4,148.40. This action was then brought to recover from the defendants the amount so paid, with interest, and also as a second cause of action the sum of $614.57, with interest, that amount being alleged as the necessary disbursements incurred and paid by the plaintiff in the trial and defense of Mr. Johnston's suit. The learned trial justice directed a verdict in the plaintiff's favor for the amount paid by it in the settlement of the Johnston judgment, but submitted to the jury the question of the reasonableness of the disbursements, such submission resulting in a verdict for the plaintiff for the full amount. The plaintiff has no bond or contract of indemnity against the defendants, or to secure it from the consequences of their negligence.

The principal point made by the learned counsel for the appellants is that in the absence of an express obligation to indemnify there can be no recovery over against a joint wrongdoer in a case where the liability of the party, who has been compelled to pay in the first instance, rests upon his own culpability. In the majority of cases the work contracted for would not in itself involve the creation of a dangerous condition in a public street, and the only possible wrong would arise when those who were actually engaged in the work pursuant to a sub-contract performed some detail of it in a negligent manner. The original contractor in such a case would be held responsible, if at all, upon the doctrine of *respondeat superior*,

and to defeat a recovery over by him it would be essential to show that he personally participated in the act of negligence. But as in this case the nature of the work necessarily involved the creation of a dangerous condition in the street, and the law consequently imposed upon the plaintiff the active duty of seeing to it that the street was kept reasonably safe by the maintenance of guards and lights or otherwise, the judgment against the plaintiff is to be deemed as having been recovered because of its own neglect in that respect, thereby determining it to have been a participant in the defendants' wrong and as such to be precluded from the right to indemnity in the absence of a contract therefor. While there are some expressions in opinions which may seem to give color to the contention stated, I think the general trend of the decisions is adverse, and that the liability which results from the mere omission of a legal duty is to be distinguished for the purposes of this case from that which results from personal participation in an affirmative act of negligence or from a physical connection with an act of omission by knowledge of, or acquiescence in, it on the part of the original contractor, or by his failure to perform some duty in connection with it which he may have undertaken by virtue of his agreement. In other words, while both the plaintiff and the defendants were equally culpable and equally liable to the traveling public for the omission of duty which resulted in the injury, yet *as between themselves* the plaintiff was entitled to rely upon the defendants to discharge the duty because of their contractual relations, and the former could only be deprived of the right of indemnity by proof that it did in fact participate in some manner in the ómission beyond its mere failure to perform the duty imposed on both by the law.

The question was presented in the case of *City of Rochester* v. *Montgomery* (9 Hun, 394). There a judgment had been recovered against the city for damages resulting from an unlawful obstruction of a public street by the defendant, and it was held that, notwithstanding the judgment was recovered because of the city's negligence, it was entitled to indemnity from the active wrongdoer. The court said (p. 396): "The action of McNeish against the city was, it is true, founded on the alleged negligence of the city in permitting one of its streets to be obstructed, so that it was dangerous to travelers, and the appellant invokes the principle that one joint

wrongdoer cannot call upon another for contribution, and the record of the recovery by McNeish shows that the recovery was had upon the ground of the negligence of the city, and that in an action for negligence the plaintiff must be free from fault himself, in order to recover against a wrongdoer. This is true as a general rule, but in actions of this kind, the parties are not deemed to be equally criminal, nor *in pari delicto*, and the principal criminal may be held responsible to his codelinquent for damages incurred by their joint offense. Where the offense is merely *malum prohibitum*, and does not involve any moral delinquency, it is not against the policy of the law to inquire into the relative delinquency, and to administer justice between them, although both parties are wrongdoers. (*Lowell* v. *The Boston, etc., R. R. Co.*, 23 Pick. 24, op. 31.)" This case was affirmed in the Court of Appeals (72 N. Y. 65) and the denial of a nonsuit upheld, notwithstanding the fact that the work, in the progress of which the obstruction was created, was performed under a contract with the city for the construction of a building upon the city's land.

To the same general effect are *Mayor, etc., of City of Troy* v. *Troy & Lansingburgh Railroad Co.* (49 N. Y. 657); *Village of Port Jervis* v. *First Nat. Bank* (96 id. 550), and *Dunn* v. *Uvalde Asphalt Paving Co.* (175 id. 214). Nor is the absence of an indemnity bond a matter of controlling significance, since the law implies from the circumstances an agreement to indemnify. As was said in the case last cited (p. 217): "The contract between the plaintiff and the defendant was informal, and contained no express stipulation that the defendant should be indemnified against liability or loss which might arise from the negligent performance by the plaintiff of the work which he had engaged to do. The plaintiff's alleged liability must, therefore, be predicated upon the rule of law under which a person guilty of negligence is charged with the responsibility for his wrongful act, not only directly to the person injured, but indirectly to a person who is legally liable therefor. In the latter case the wrongdoer stands in the relation of indemnitor to the person who has been held legally liable, and the right to indemnity rests upon the principle that every one is responsible for the consequences of his own wrong; and if another person has been compelled to pay the damages which the

wrongdoer should have paid, the latter becomes liable to the former. (*Village of Port Jervis* v. *First Nat. Bank,* 96 N. Y. 550; *Oceanic S. N. Co.* v. *Compania T. E.,* 134 N. Y. 461.)"

Other questions are raised relating to the rulings upon the trial, but I find no error which requires a reversal.

The judgment and order should be affirmed.

BARTLETT, WOODWARD and JENKS, JJ., concurred; HOOKER, J., not voting.

Judgment and order affirmed, with costs.