**756** Parker Sheet Metal Works, Inc., v. Allied M. L. Ins. Co.

Supreme Court, February, 1925. [Vol. 124

Lien Law it clearly had no lien on the chattel for future rent. (Lien Law, § 181; *Coe* v. *Haight*, 95 Misc. 603.)

Furthermore, under the provisions of the lease, which was in evidence in said action, the amount of deficiency which defendant was entitled to recover could not be determined until the end of the term. (*Harding* v. *Austin*, 93 App. Div. 564.) Hence, under the foregoing rules as to the application of the doctrine of *res adjudicata*, the judgment of the Appellate Term is conclusive solely as to such issues and is not determinative of the question of whether defendant would have a cause of action for rent at the expiration of the term.

But, even assuming that the question of plaintiff's liability for rent might have been decided on the merits, such adjudication is not a bar unless it appears that it must have been on the merits. (*Clark* v. *Scovill*, 198 N. Y. 279.) At any event, the words " on the merits " contained in the judgment of the Appellate Term are not conclusive. The record may be searched, and when it appears therefrom that the judgment might have been rendered upon a ground not involving the merits, the presumption is that it was not upon the merits. (*Jones* v. *Gould, No. 1*, 145 App. Div. 271.) The finding that defendant had no lien would not be a bar to this action, nor would a determination that the action for rent was prematurely brought prevent a subsequent suit after the right of action has accrued. (*Converse* v. *Sickles*, 146 N. Y. 200.) The words " on the merits " should be disregarded here. (*Lodewick* v. *Cutting*, 121 Misc. 348.)

Motion to set aside verdict is denied. Defendant may have ten days' stay of execution and thirty days to make and serve a case. Submit order.

---

Parker Sheet Metal Works, Inc., Plaintiff, *v.* Allied Mutuals Liability Insurance Company, Defendant.

Supreme Court, New York Special Term, February 9, 1925.

Workmen's compensation — insurance — action to recover amount paid third party in settlement of action to compensate said party for judgment obtained by plaintiff's employee in action for injuries — employee elected to sue in third party action, though plaintiff carried standard workmen's compensation insurance with defendant insurance company — policy indemnified plaintiff against loss for damages arising from accidental injuries suffered by plaintiff's employees in course of employment — plaintiff's employee injured in course of employment in premises leased to plaintiff by third party — plaintiff liable to third party irrespective of terms in lease — defendant liable under policy.

The defendant, plaintiff's insurer upon a standard workmen's compensation and employers' liability policy, by which the defendant agreed to indemnify the plaintiff against loss and liability for damages on account of accidental injuries suffered by such of plaintiff's employees as were injured in the course of their

employment by plaintiff, is liable to the plaintiff in an action to recover the amount paid by said plaintiff to a third party in settlement of an action to compensate said third party for a judgment obtained by one of plaintiff's employees, where it appears that the employee, having suffered an injury in the course of his employment in premises leased to the plaintiff by the third party, elected to sue said third party and recovered judgment.

The fact that plaintiff was made liable to the said third party for the prevention and abatement of nuisances upon the premises under the terms of the lease, is not available to the defendant in this action, since, irrespective of the terms of the lease, plaintiff herein was liable to said third party.

MOTION by defendant to dismiss complaint in action on policy of liability insurance.

*Putney, Twombley & Putney,* for the plaintiff.

*Arthur Butler Graham,* for the defendant.

MAHONEY, J.:

The defendant moves for an order dismissing the complaint on the ground that on the face thereof it does not state facts sufficient to constitute a cause of action. The defendant mainly contends that the claim alleged in the complaint is not such a claim as is covered by the policy of insurance issued by defendant to plaintiff. It appears that one of the plaintiff's workmen, McKeon, in the course of his employment, was injured on May 31, 1922, in premises leased by plaintiff from the owner F. Schneer. Instead of filing a claim under the Workmen's Compensation Law, the employee, McKeon, sued the third party, Schneer, and recovered a large judgment. Plaintiff received notice of the suit and notified the defendant he had received notice to come in and defend the " McKeon " action. Defendant refused to do so. On April 12, 1924, Schneer sued plaintiff, on the theory that plaintiff was responsible for McKeon's injuries. Defendant received notice of this suit and again refused to defend. On July 1, 1924, plaintiff paid Schneer $4,000 in settlement of the latter's claim. Plaintiff now has sued the defendant to recover the amount of his payment to Schneer on the theory that under defendant company's policy of insurance defendant is liable. The foregoing facts are all alleged in plaintiff's complaint.

The policy in question, a copy of which is attached to the complaint, is the " universal standard workmen's compensation and employers' liability policy." The purpose of the policy is to indemnify the plaintiff herein against damages for claims for injuries sustained by any of the plaintiff's employees received in the course of such employment. Among other things, the policy provides that the defendant shall " pay promptly to any person entitled thereto, under the Workmen's Compensation Law, and in the manner

**758** Parker Sheet Metal Works, Inc., *v.* Allied M. L. Ins. Co.

Supreme Court, February, 1925.                [Vol. 124

therein provided, the entire amount of any sum due, and all install-ments thereof as may become due." (Clause 1 [a].) Defendant in said policy also agrees " to indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada." (Clause 1 [b].) The defendant also agrees " to defend in the name and on behalf of this employer any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."

(Clause 3.) It is to be noted that when the employee McKeon was injured he had the right of recourse against plaintiff herein, his employer, under the Workmen's Compensation Law, and had a right to file a claim under that law, and to receive such payments as might therein be provided for. An appeal to the Workmen's Compensation Law was his exclusive recourse against the employer. (*Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273.) The employee, however, saw fit, as he had a right to do, to institute an action against the third party, who he claimed in his complaint was responsible for the accident. Apparently the injured employee received more compensation under the judgment obtained against the third party than he would have received under the Workmen's Compensation Law. At any rate no claim is made to the contrary, and no claim apparently was ever made by him in any way against the plaintiff herein, the employer.

The defendant insurance company now claims that under the terms of the policy of insurance this plaintiff has no claim against the defendant, and that no cause of action within the terms of the policy has been set forth in the complaint. It would seem to me that the claim of the plaintiff is such a one as is covered by the terms of the policy. The fair import of the policy appears to be that the defendant agreed to indemnify the plaintiff against loss and liability for damages on account of accidental injuries suffered by such plaintiff's employees in the course of their employment by the plaintiff. Plaintiff in its complaint herein alleges that the said employee, McKeon, was injured in the course of his employment, and that the injuries were sustained solely by reason of plaintiff's negligence. It is true that under the provisions of the lease with Fredericka Schneer, plaintiff herein agreed with the said Schneer as follows: " (3) That the tenant shall promptly execute and

comply with all rules, orders, ordinances, and regulations of the city or State government, and of any and all its departments and bureaus applicable to said premises, for the correction, prevention, and abatement of nuisances or other grievances in, upon, or connected with said premises during the said term, and shall also promptly comply with and execute all rules, orders and regulations of the New York Board of Fire Underwriters for the prevention of fires at its own cost and expense."

The defendant claims that inasmuch as plaintiff's liability to the said Schneer was imposed by the terms of the lease the liability so far as the terms of the policy are concerned was not one fixed by law, and, therefore, the insurance company was under no obligation to come in and to defend, or to pay any sum to plaintiff herein because of the claim made by Schneer against this plaintiff. It seems to me, however, that plaintiff herein was liable to Schneer irrespective of the terms of the lease between Schneer and the plaintiff. (*Phœnix Bridge Co.* v. *Creem,* 102 App. Div. 354; *Dunn* v. *Uvalde Asphalt Paving Co.,* 175 N. Y. 214; *Creem* v. *Fidelity & Casualty Co.,* 141 App. Div. 493.) At any rate so far as the complaint is concerned it is alleged that the injuries to McKeon, the employee, were caused solely by the active negligence of this plaintiff, and it was against liability of this kind that the insurance company agreed to protect the plaintiff. We are not considering in any way whether or not defendant has a good and meritorious defense. The terms of the policy define the limits of defendant's liability, and defendant insurance company may have a good defense, complete or partial, to the action. By circuity of action, however, plaintiff has been compelled to make a payment by reason of the fact one of its employees was injured during the course of his employment. The primary purpose of the policy was to protect plaintiff against liability to employees for such an injury.

I am, therefore, of the opinion that the complaint states a good cause of action, and motion is denied, with ten dollars costs.