REGAL SHOE COMPANY, Plaintiff, *v.* J. CLARENCE DAVIES and Others, Defendants.

Supreme Court, Bronx County, July 19, 1933.

*Curtis, Mallet-Prevost, Colt & Mosle* [*Robert E. Manley* and *Henry D. Valentine* of counsel], for the plaintiff.

*Morris & McVeigh* [*Budd S. Wiesser* and *John J. Matthews* of counsel], for the defendants Davies, Morris and McCormick.

*Bernstein & Patterson* [*J. Sidney Bernstein* of counsel], for the defendant York Building Company.

UNTERMYER, J. Although the question is. not free from doubt, I am of opinion that the relation of the defendants Davies, Morris and McCormick to the excavation here was too remote to render them liable under section 230 of article 12 of chapter 5 of the Code of Ordinances, as persons " causing such excavation to be made." It would constitute an unreasonable extension of the ordinance if it were held applicable to an owner who in good faith has parted with possession, even though his lessee has undertaken to construct a building on the land. Decisions such as *Dorrity* v. *Rapp* (72 N. Y. 307) and *Rosenstock* v. *Laue* (140 App. Div. 467), holding that the ordinance includes the owner of property who has employed an independent contractor to make the excavation, are not applicable here. The distinction lies between those directly responsible for the excavation and those only remotely so. The defendants Davies, Morris and McCormick required, it is true, that the One Hundred and Forty-ninth Holding Corporation, the lessee, should construct a building in accordance with the lease, and for that purpose they agreed to contribute a stipulated sum. They relinquished, how-

ever, all right of possession to the land. They did not erect the building, but on the contrary contracted that the lessee should do so as one of the incidents of the lease. To hold that, under these circumstances, the owner is a " person causing the excavation to be made," would result in fastening liability upon persons only remotely connected with the operation to whom the ordinance was manifestly not intended to apply. If the ordinance were held applicable to the owner with whom a lessee has agreed to construct a building, it must be applied also to a mortgagee who makes a loan upon a building which the mortgagor agrees to construct, and to a tenant who leases premises in a building which the landlord undertakes to build. But in no true sense has the owner, the mortgagee or the tenant " caused " the building to be built or the excavation to be made. Each of these has merely exacted an undertaking that the other party — the lessee here — would " cause " this to be done. (See *Bloomingdale* v. *Duffy,* 71 Misc. 136; affd., 146 App. Div. 879; *Post* v. *Kerwin,* 133 id. 404, at p. 407.) Since the defendants Davies, Morris and McCormick are not liable, it is unnecessary to determine whether the excavation was carried to a depth of more than ten feet within the meaning of section 230 of article 12 of chapter 5 of the Code of Ordinances, for a verdict must be directed in their favor as matter of law. The plaintiff is, however, entitled to a verdict of ninety-four dollars against the defendant York Building Company for damages caused to the roof of the building of which it was lessee.

A verdict is accordingly directed in favor of the defendants Davies, Morris and McCormick, and against the plaintiff, with costs, and a verdict is directed for the sum of ninety-four dollars in favor of the plaintiff and against the defendant York Building Company.