Appeal by a third-party plaintiff from so much of a judgment as dismisses its cross complaint. In an action to recover damages for personal injuries, sustained as the result of its alleged negligence, a judgment was recovered against the third-party plaintiff, for which it sought judgment over as against the third-party defendant-respondent Knickerbocker Concrete Arch Construction Co., Inc. Judgment, insofar as appealed from, unanimously affirmed, with costs. A practical construction by the parties could determine whether the agreement of the concrete subcontractor to place “ proper guards” about its work included the guarding of an opening not described on the original plans but which was inserted in the plans by the general contractor for its own hoistway, which it rented to others. The undisputed proof shows that the duty of barricading or closing openings, including this hoistway, was assumed by the general contractor. The failure of the general contractor to fulfill that obligation with respect to the hoistway was active negligence, or at least the jury was warranted in so finding. The jury was also entitled to find that the general contractor knowingly had permitted continuance of the unsafe condition. (Scott v. Curtis, 195 N. Y. 424, 428; Phoenix Bridge Co. v. Greem, 102 App. Div. 354, affd. 185 N. Y. 580; Schwartz V. Merola Bros. Constr. Corp., 290 N. Y. 145, 156.) Under the circumstances there could be no recovery on an indemnity agreement which was concerned only with the negligence of the indemnitor. (Semanchuck v. Fifth Ave. & 37th St. Corp., 264 App. Div." 329, 334, otherwise mod. 290 N. Y. 412.) Present — Nolan, P. J., Carswell, Johnston, Sneed and MaeCrate, JJ. [See post, p. 1048.]