Postee, P. J.
Plaintiff sued the defendant-appellant construction company for injuries received while he was engaged in oiling an asphalt mixing machine. He alleges that he was then the employee of another firm known as the Municipal Construction Company. The defendant-appellant instituted a third-party action against Donald Gr. Davis and Florence F. Davis, doing business as the Municipal Construction Company, alleging liability over. Upon motion of the third-party defendants the Special Term dismissed the third-party complaint on the ground that it did not state facts sufficient to constitute a cause of action because plaintiff’s complaint alleges only active negligence on the part of the defendant-appellant.
We think the Special Term erred in holding with finality that plaintiff’s complaint alleges only active negligence. The crucial allegations, contained in the fourth paragraph, are; *470 “ That at all times hereinafter mentioned, the defendant was and still is the owner of, lessee of, or person operating or maintaining an asphalt mixing machine, * * * with the duty to maintain and repair said machine.”
The status of the defendant-appellant is thus alleged in the alternative. It cannot be both the owner and lessee, and if found to be the owner and not the operator it may have had only a passive duty with regard to maintenance. In that event there may be liability over on the part of the third-party defendants. Nothing can be said with finality in that regard until the proof is in. The allegation that defendant-appellant had the duty to maintain and repair the machine is merely the conclusion of the pleader, and the alternative status of this party as pleaded in the complaint is not obviated by specific allegations of negligence contained in the eighth paragraph of the complaint.
The third-party complaint, quite to the contrary, alleges ownership, operation and exclusive control in the third-party defendants. For the purposes of the motion these allegations must be assumed to be true (Schoenfeld v. Four Leaf Clover Realty Corp., 273 App. Div. 824). That they allege facts inconsistent with plaintiff’s complaint, and which, if true, would absolve defendant-appellant from any liability to the plaintiff, is of no moment whatever. Such an inconsistency usually appears where the practice of interpleader is used. There are questions of fact common to both controversies, i. e., ownership and control of the machinery in question. This is sufficient under the language of section 193-a of the Civil Practice Act, for the third-party complaint need not rest upon the same cause of action or on the same ground asserted by the plaintiff.
No agreement for indemnification has been pleaded, but such an agreement is not always necessary. It may arise from the status of the parties as a matter of law (Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214). Whether a nondelegable duty may be charged against the party found to be the owner of the machine in question, and whether indemnification may arise as a matter of law, will depend upon the factual situation as finally presented. It would seem that the first issue involved is the matter of active control, and secondarily whether there is passive liability on the part of one defendant or the other as a result of ownership. This is said, not in limitation of any other issues, but merely as applied to the ground assigned for the dismissal of the third-party complaint. Of course if the defendants *471 are found to be joint tort-feasors no liability over can exist; or if plaintiff is found to have been the employee of both defendants, and covered by insurance under the Workmen’s Compensation Law, then an entirely different issue will be presented.
Section 193-a is to be liberally construed. It was intended to mitigate the strictness of the old practice which required the third-party plaintiff to show clear liability on the part of the third-party defendant (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 202). Hence the mere fact there is uncertainty as to liability on the part of the third-party defendants is not a sufficient reason to dismiss the third-party complaint. Under the pleadings as presented there may be liability over, we think, and the possibility is all that the statute requires. The Special Term still retains power, in the exercise of its discretion, to sever the actions or dismiss the third-party complaint if delay prejudicial to the plaintiff becomes apparent.
The order and judgment dismissing the third-party complaint should be reversed, with $10 costs and disbursements to the defendant-appellant.
Brewster, Deyo, Bergan and Coon, JJ., concur.
Order and judgment dismissing the third-party complaint reversed, on the law and the facts, with $10 costs and disbursements to the defendant-appellant.