ROTH et al. v. GREAT ATLANTIC & PA-
CIFIC TEA CO., Inc. (Lefrak,
third party defendant).

Civ. No. 11561.

United States District Court
E. D. New York.

April 28, 1952.

384

Frederic A. Johnson, New York City, William M. Kunstler, Michael J. Kunstler, New York City of counsel, for plaintiffs.

Weisman, Celler, Quinn, Allan & Spett, New York City, Murray C. Spett, Abraham Shapiro, New York City, of counsel, for defendant and third-party plaintiff.

Dreyer & Traub, Brooklyn, N. Y., for third-party defendant.

GALSTON, District Judge.

The plaintiffs, by motion, seek an order, (1) striking the third-party complaint against Samuel J. Lefrak, the third-party defendant, and (2) compelling John Tully and James Ricciardi, referred to in the moving papers as "agents of the defendant, The Great Atlantic & Pacific Tea Co., Inc.," to testify as to their salaries.

The complaint alleges that the plaintiffs are owners of certain premises located in the County of Queens, City and State of New York; and that the defendant, The Great Atlantic & Pacific Co., Inc. (hereinafter referred to as the A & P), some time in 1950, contemplated the erection of a retail store and parking lot on a vacant parcel of land contiguous to the premises owned by the plaintiff, Novsam. Numerous acts, both of omission and commission, on the part of the defendant are charged in eight separate claims for damages. These claims may be summarized as follows: (1) that the defendant entered into a contract with an architect for the preparation of plans for the construction of the retail store and parking lot, which plans were defective in that they failed to provide for the erection of an adequate retaining wall for the preservation of the plaintiffs' rights to a lateral support; (2) that the plans failed to provide for proper drainage facilities on the premises occupied and controlled by the de-

fendant, by reason of which the defendant "has cast, is casting and will continue to cast water from the property on which its store and parking lot are located on to the land of the plaintiffs"; (3) that the plans contemplated the raising of the level of the defendant's land to such an extent that a valley was created on the plaintiffs' lands; (4) that the plans violated the City and State laws, ordinances and regulations pertaining to excavation and construction; (5) that the architect selected by the defendant for the preparation of the required plans was not competent and was engaged by the defendant with knowledge of his incompetency; (6) that the defendant selected the contractors for the construction of the store and parking lot knowing that said contractors were not competent; (7) that the defendant by reason of the aforesaid construction interrupted the natural drainage of water over the plaintiffs' lands, although knowing the plaintiffs had a right to such natural drainage by way of an easement; and (8) that by reason of the aforesaid defective plans and the construction of the store and parking lot pursuant thereto, the defendant "caused to be created and maintained in the aforesaid premises a nuisance, to wit: * * * defendant has cast, is casting and will continue to cast water on plaintiffs' land; defendant has deprived, is depriving and will continue to deprive plaintiffs of their rights to lateral support; defendant has created, is creating and will continue to create a valley on plaintiffs' land; * * *". The complaint prays for an injunction and for damages totaling over $200,000.

The defendant, A & P, has filed an answer in which it denies that the acts alleged in the complaint have resulted in damage to the plaintiffs. It has also filed a third-party complaint against Samuel J. Lefrak. After setting forth the allegations of the complaint with respect to the plaintiffs' claims, the third-party complaint alleges, in part, as follows:

"10. That at all the times mentioned in the complaint, the third party defendant had the sole and exclusive ownership, operation and control of the aforesaid premises.

"11. That the aforesaid lease between the defendant and third party plaintiff and the third party defendant provides that the lessor will construct and erect the aforesaid building and parking lot; that the lessor will make the leased premises thoroughly sanitary and will put them in first class tenantable condition; that the lessor will make all exterior repairs, including parking lot, structural, roof repairs and replacements; that the lessor will obtain a certificate of occupancy and will comply with all ordinances, rules, regulations or orders of law or lawful authority in respect to the demised premises and at the lessor's expense will have supplied any apparatus, appliance or material and will have done any work for, in or about the leased premises which may be so required or ordered."

Paragraph 7 of the third-party complaint alleges that the building was constructed and erected by the third-party defendant from plans prepared by an architect employed by the third-party defendant. Paragraph 8 alleges that the defendant and third-party plaintiff entered into possession on February 15, 1951. The third-party complaint also denies negligence on the part of the defendant and alleges a right of indemnification from the third-party defendant.

The plaintiffs' motion to dismiss the third-party complaint is based on the ground that the defendant is a joint tort-feasor and so not entitled to indemnity. Though A & P, the defendant and third-party plaintiff, does not dispute the contention that there is no right to implead a joint tort-feasor to obtain indemnity or contribution, it contends that the third-party complaint is proper under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., because on the basis of the allegations therein, the defendant is chargeable at most with passive negligence, and states a valid claim over against the alleged active tort-feasor.

Rule 14(a) provides, in part, as follows: "* * * a defendant may move * * * for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the

action who is or may be liable to him for all or part of the plaintiff's claim against him."

 Jurisdiction being based upon diversity of citizenship, and the alleged tort or torts having occurred in New York, the substantive right to indemnity depends upon the law of New York. Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178, certiorari denied 319 U.S. 741, 63 S. Ct. 1028, 87 L.Ed. 1698. Under the law applicable in New York, one secondarily liable is entitled to full indemnity from the one who is primarily liable. Schwartz v. Merola Bros. Construction Corp., 290 N.Y. 145, 48 N.E.2d 299; Scott v. Curtis, 195 N.Y. 424, 88 N.E. 794. An express agreement for indemnification is not always necessary. The right to indemnity, as a matter of law, may arise from the status of the parties. Dunn v. Uvalde Asphalt Paving Co., 175 N.Y. 214, 67 N.E. 439.

The pleading under attack alleges that in 1950, the year during which the complaint alleges damages were caused the plaintiffs, the premises in question were in the sole and exclusive ownership, operation and control of the third-party defendant; that the lease between A & P and the third-party defendant provided that the latter would construct the store and parking lot; that the building and parking lot were in fact constructed by the third-party defendant from plans prepared by an architect employed by the third-party defendant; and that A & P did not enter into possession until February 15, 1951.

 For purposes of this motion, the well-pleaded material allegations of the third-party complaint must be taken as admitted. Clark v. Uebersee Finanz Korporation, A. G., 332 U.S. 480, 68 S.Ct. 174, 92 L.Ed. 880; Ledbetter v. Farmers Bank & Trust Co., 4 Cir., 142 F.2d 147. The pleadings indicate that the injuries of which the plaintiffs complain are the result of the active wrongdoing, if any, of the third-party defendant; and that A & P was not in possession or control of the premises and did not plan or supervise the construction thereof. It indicates that any negligence for which A & P can be held liable is passive and secondary in nature.

 But the plaintiffs contend that A & P is subject to a non-delegable duty to conform to certain sections of the Sanitary Code and the Administrative Code of the City of New York, with respect to the plans for, and the construction of, the store and parking lot. However, the violation of a city ordinance, as distinguished from a statute enacted by the legislature, may not of itself establish negligence as a matter of law. Schumer v. Caplin, 241 N.Y. 346, 150 N.E. 139. Ordinarily, the duty to comply with the city codes would rest on the one in possession and in control, or the one who undertakes the planning and construction. Regal Shoe Co. v. Davies, 150 Misc. 674, 268 N.Y.S. 731.

In Wischnie v. Dorsch, 296 N.Y. 257, 72 N.E.2d 700, the plaintiff brought action against the owner of a tenant-factory building to recover for the death of her intestate from injuries sustained in an elevator and alleged to have been caused by the failure to keep the elevator in proper condition as required by the Labor Law of the State of New York. McKinney's Consol. Laws, c. 31, § 1 et seq. The owner impleaded the tenant of the building and cross-complained for recovery-over. The cross-complaint alleged that the owner had neither possession nor control but that, under a written lease, the premises were under the exclusive possession and control of the tenant which was primarily responsible for maintenance, including the elevator, as well as for compliance with applicable statutory requirements. It was held that under the allegations of the cross-complaint the owner, although under a statutory duty, was at most a passive wrongdoer, and that the allegations were sufficient to state a prima facie cause of action. Consequently, the judgment of the lower court dismissing the cross-complaint on the ground that the owner's omission to do a statutory nondelegable act, although out of possession, made it a joint tort-feasor along with the tenant in possession, was reversed.

■ The plaintiffs contend, however, that A & P had the right to correct the plan and specifications for the construction involved, the right to supervise the construction, and the right to inspect the premises before taking possession. In Ryan v. Feeney & Sheehan Building Co., 239 N.Y. 43, 145 N.E. 321, 41 A.L.R. 1, the Court of Appeals held that a builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury. This principle of law is applicable here. Whether the plans and specifications here were "so apparently defective" must, of course, await a trial for determination. In any event, the plans and specifications, which the plaintiffs contend provide for the right to supervise and to inspect, are not contained in the pleadings before the Court. Nor is it alleged therein that the defendant had such rights. Since these are matters outside the pleadings, they do not bear on the question of the sufficiency or insufficiency of the third-party complaint on this motion.

The plaintiffs' memorandum of law also contends that the defendant is negligent in the performance of certain acts done subsequent to its taking possession. However, the complaint fails to allege any such acts as being the basis for the damages claimed therein. The evidence adduced at the trial may warrant a motion, pursuant to Rule 15(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to amend the pleadings to conform to the proof. It is, however, premature to contend on this motion that such acts require dismissal of the third-party complaint.

■ Once it is determined that the applicable state law recognizes a right of indemnity, the procedure to enforce the right in the Federal courts is governed by the Federal Rules of Civil Procedure, 28 U.S.C.A. The apparent inconsistency in denying negligence in its answer to the complaint, and in admitting liability for passive negligence but a right to indemnity in its third-party complaint, should not bar A & P from the benefits of Rule 14(a). See Lane v. Celanese Corp. of America, D.C., 94 F.Supp. 528. The courts have uniformly ruled that a complaint should not be dismissed for insufficiency unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim made.

■ In view of the foregoing, therefore, it must be concluded that the pleadings before the Court show that the third-party complaint is proper.

■ As to the plaintiffs' motion to compel Tully and Ricciardi to testify to their salaries, the information is sought in order to find out whether they are "genuinely responsible agents" of the defendant or "merely wage earners". Apparently the plaintiffs are of the view that there is some distinction with respect to holding the defendant responsible for their alleged negligence. The affidavit of the plaintiffs' attorney refers to Tully as the head of the defendant's Maintenance Department, and to Ricciardi as the defendant's refrigeration engineer, which indicates they hold positions of responsibility and are more than common laborers, "from whom the corporate defendant had no reasonable basis for anticipating the exercise on its behalf of due care under the circumstances." Consequently, the relevancy or the materiality of the requested information is not made apparent.

The plaintiffs' motion is denied in all respects. Settle order.