Donald S. Taylor, J.
In a suit by plaintiff, a pedestrian, against the defendant, Mechanics and Farmers Bank of Albany, as owner, and defendant, L. A. Swyer Co., Inc., as contractor, for negligence upon the claim that she tripped over a protruding nail in the flooring of a temporary wood causeway erected in the public street adjacent to the premises of the defendant bank by the defendant contractor, she has recovered a verdict against both. The defendant bank claims over against the defendant contractor upon the theory that its negligence was vicarious or passive and that the defendant contractor's negligence was active. The determination of the validity of the cross claim has been reserved to the court on the stipulation of counsel.
In his examination before trial which the record here contains the president of the defendant contractor testified: “I would like to add something in this without getting too verbose, and that is that the only reason for the causeway in the first place was because I personally felt the sidewalk was so inadequate, we put the causeway up. The sidewalk was so hazardous. There was no reason for the causeway. This was on the sidewalk. There were two tree stumps between the curb and the sidewalk, that the City had formerly cut out of there. Nobody could walk down. People did walk there but because we had this construction job there, it was impossible for people to walk there. We had a six-feet wide concrete walk at that point and that was the only part of that area where there was only six-feet wide concrete walk. There had formerly been two residences there. We put the causeway there to keep people from walking between the causeway and the sidewalk — and the curb at that time.” His testimony also was that he routinely inspected the causeway twice every day after it was built.
Under these circumstances this case falls squarely within the rule expressed in Scott v. Curtis (195 N. Y. 424, 428) as follows: ‘‘ Where the liability rests upon two or more persons *201 who are as against the person injured jointly liable for the injury the rule invoked by the defendants that the court should not interfere as between joint tort feasors is not applicable, where one of the two or more persons chargeable with negligence is primarily liable therefor and the others are only liable by reason of their ownership of the property and not by reason of any negligence occurring by their active interposition or with their affirmative knowledge and assent. When an employee or independent contractor assumes the duty of performing an act which is dependent upon his personal care and attention and an injury arises by reason of lack of such care and attention such person is liable to the owner of the property if he is called upon to pay and does pay the damages arising from such negligence. (Phoenix Bridge Co. v. Creem, [102 App. Div. 354, affd. 185 N. Y. 580]; Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214.) ” (See, also, Ruping v. Great Atlantic & Pacific Tea Co., 283 App. Div. 204, 206; Schwartz v. Merola Bros. Constr. Corp., 290 N. Y. 145, 155; Tipaldi v. Riverside Mem. Chapel, 273 App. Div. 414, affd. 298 N. Y. 686.)
The factual situation of Harrington v. 615 West Corp. (2 N Y 2d 476) upon which the defendant contractor heavily relies clearly distinguishes it from the case at bar.
The defendant contractor’s motion to dismiss the claim over is denied and judgment in favor of the defendant bank against the defendant contractor upon the cross claim is granted, without costs.
Proceed accordingly.