■ Eastern States Electrical Contractors, Inc., Plaintiff, v. City of New York, Defendant and Third-Party Plaintiff-Appellant. Five Boro Construction Corp., Presently Known as Electronic & Missile Facilities, Inc., Third-Party Defendant-Respondent.— Resettled order, entered May 20, 1966, granting summary judgment dismissing the third-party complaint and granting judgment to the third-party defendant on its counterclaim, reversed, on the law, without costs or disbursements, and the motion denied. In 1955 the city entered into various contracts for the reconstruction of two wings of the Metropolitan Museum of Art. In August, 1955 the electrical work was awarded to plaintiff and the roofing and other construction work were awarded to the third-party defendant. The contract of the third-party defendant was to be completed on November 16, 1956; it was not completed until September 16, 1957. The third-party defendant thereafter instituted an article 78 proceeding to compel payment of the sum retained by defendant under the provisions of the contract between them pending possible damage claims. Defendant resisted the said proceeding because of plaintiff's claim for damages based on delays because of third-party defendant's failure to co-ordinate the work of contractors other than plaintiff. We held on said prior proceeding that defendant's retention of said sum was in accordance with the contract with the third-party defendant and dismissed its petition. (*Matter of Five Boro Constr. Corp. v. Moses*, 9 A D 2d 360.) In this action the third-party defendant's counterclaim is grounded on the contract involved in the prior proceeding. It appears from Exhibits III and IV annexed to the answer and the records of job progress meetings that defendant complained to the third-party defendant of delay in its performance and that the work was three months behind schedule. Therefrom it also appears the work of other contractors was held up by reason of the third-party defendant's failure to complete work commenced in certain areas: its unsatisfactory work in other areas; inadequate staffing; its failure to comply with progress schedules. In addition, at various job progress meetings it appears that the third-party defendant did not complete certain lathing work because its superintendent was unable to get the lathers back to the area, thus delaying plaintiff in its heating and electrical work; that the third-party defendant employed four different superintendents on the job with resulting delays in apprising each of the work done and to be done and the order of priority. Defendant also alleges that plaintiff's damages, if any, are due to the failure of the third-party defendant to co-ordinate its work with that of plaintiff. These are issues of fact which preclude summary judgment to the third-party

defendant on its counterclaim. Concur — Steuer, Tilzer and McNally, JJ.; Stevens, J. P., and Eager, J., dissent in the following memorandum by Eager, J.: The judgment in favor of the third-party defendant should be affirmed on the reasoning of Special Term. The contract of the third-party defendant (Five Boro) with the third-party plaintiff (city) was completed more than 10 years ago and within the time provided for by the contract and extensions of time granted by the city. At this late date, the city should not be permitted to continue the litigation and retain the balance of the moneys due Five Boro under the contract on the basis that there is a possibility of a recovery over on the third-party claim. This is not an action to recover general damages caused by any delay in the performance of the contract by Five Boro; this is a third-party action in which the city as third-party plaintiff seeks judgment against Five Boro as third-party defendant " for any sum that may be recovered against The City ".by Eastern (the plaintiff suing the city). The city, in its opposition to the motion for summary judgment, does not make any reasonable factual showing in support of the possibility of a recovery over and, as a matter of law, the city does not have a valid cause for recovery over. On the basis of the provisions of the relevant contracts, as Special Term put it, " Defendant has not asserted any culpable action which would render the third-party defendant liable to the defendant in the event plaintiff [Eastern] prevails. Indeed, if plaintiff proves any delay by the third-party defendant only, it cannot succeed; and if it does not prove any failure of co-ordination by the defendant, it cannot succeed." It appears now that the city has settled with the plaintiff (Eastern). This fact, though occurring after the rendition of the Special Term order, may be considered in determining whether the order should be affirmed. The city, conceding the fact of settlement, states in its brief that it may be " difficult " to show how much damage, included in the settlement, was Five Boro's fault, but that " it would not be impossible." Under the circumstances, the city will be bound to serve a supplemental or amended complaint alleging the settlement and grounds for recovery against Five Boro of the sum paid or a portion thereof. (See CPLR 3025, subd. [b]; Stone v. Ginsberg, 24 A D 2d 997.) In order to succeed, the city will be required not only to allege and prove that the settlement was reasonable but also to establish that an actionable basis existed for a recovery by the plaintiff (Eastern) against it. The city must show that it " would have been liable [to Eastern] and that there was no good defense to the liability." (Feuer v. Menkes Feuer, Inc., 8 A D 2d 294, 299; see, also, Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214, 218.) The facts in the present record negate the existence of any such liability, at least on any theory which could support a recovery over against Five Boro. The summary judgment remedy is properly utilized to compel a disclosure by the third-party plaintiff of facts from which it may be determined " whether there is any possibility that the third-party plaintiff may be held liable for any act or omission for which, in turn, it may seek indemnity from the third-party defendant "; it is " useful in clearing a third-party defendant when the third-party plaintiff cannot raise even an issue of fact as to the right to indemnity." (Braun v. City of New York, 17 A D 2d 264, 268.) When the motion for summary judgment is made and properly supported, the third-party plaintiff is bound to come forward and make a reasonable factual showing in support of a recovery over. (See Shapiro v. Health Ins. Plan, 7 N Y 2d 56, 63; Senrow Concessions v. Shelton Props., 10 N Y 2d 320, 326; Ball v. United Artists Corp., 13 A D 2d 133, 135.) This, the city has not done. If, as here, the right of Five Boro to summary judgment may be defeated (as Special Term puts it) by " arguments and speculations * * * in complete vacuum, offering nothing to suggest any action of Five Boro to support the conclusory

allegation of fault", then, the purpose of the remedy is frustrated. "A trial may be desirable in every case, but the practicalities of frivolous litigation and court congestion mandate a summary procedure upon the ascertaining that there is no cause of action. 'The fear of depriving a party of his day in court because he says, in his affidavit, things that, if true, would present a question of fact, should not permit him to evade the actualities by merely making these statements.' (Paston, Summary Judgment in New York [1960 Cum. Supp.], p. xviii.)" (*Senrow Concessions* v. *Shelton Props.*, *supra*, p. 326).