Alton J. Wightman, J.
Raymond F. Scott, the third-party defendant in action No. 2 and the defendant in action No. 3, has moved this court by two separate motions for orders pursuant to CPLR 3211, dismissing the amended third-party complaint in action No. 2 and the complaint in action No. 3 upon the ground that both pleadings fail to state facts sufficient to constitute a cause of action. Additionally, the complaint in action No. 3 is attacked upon the grounds that there is another action pending between the same parties for the same cause of action; that the action is barred by the Statute of Limitations; and that the defendant will be irreparably damaged if the complaint is not dismissed as he will have no means to litigate the rights of the injured parties to a recovery.
The operative facts which have culminated in the issues here presented and to be discussed are that on January 13, 1971 one Richard D Arcangelo was injured in an automobile accident on Route 15 near Bath, New York, when a vehicle owned and operated by Robert L. Burnett struck the rear of D Arcangelo’s ear, which was then disabled upon the highway. At the time of the collision, a vehicle owned and operated by Raymond F. Scott was parked facing the D’Arcangelo car and was headed the wrong way on the highway with its headlights on and shining in the direction of oncoming traffic. The plaintiff D’Arcangelo was standing between his car and the Scott car at the time of impact and he sustained severe leg injuries when the force of the collision with the Burnett car caused his car to be pushed into the Scott vehicle.
The plaintiff D’Arcangelo commenced his action against Burnett only, by service of a summons on January 6, 1973, to recover for personal injuries sustained as a result of the accident. Thereafter the defendant Burnett impleaded the third-party defendant Scott into this proceeding by service of a *120 third-party summons and complaint on March 20, 1973 seeking apportionment of the fault between Scott and Burnett and asserting a claim for contribution. Subsequently, on January 30, 1974, these matters came before this court at a trial term, at which time the plaintiff D’Arcangelo entered into a stipulation of settlement with the defendant Burnett, whereby the plaintiff agreed to a full settlement of his claim against this defendant upon payment by Burnett of the sum of $100,000. By the terms of the stipulation, the payment of the $100,000 to the plaintiff D’Arcangelo was conditional upon the plaintiff furnishing the defendant Burnett with documents verifying his medical and nursing expenses and lost wages and also a written waiver of his confidential relationship with any doctors or hospitals rendering treatment in order that their testimony and records would be admissible in evidence in further proceedings between the defendant Burnett and the third-party defendant Scott. The settlement was further conditioned upon the plaintiff remaining subject to subpoena to testify in any such further proceedings and also that the original action between the plaintiff and the defendant Burnett remain open until the third-party action pending between Burnett and Scott be fully resolved.
The principal issue presented herein is whether a third-party plaintiff, who has entered into a voluntary settlement with the primary plaintiff in a negligence action, may thereafter proceed to enforce a right to indemnity or contribution against a joint tort-feasor third-party defendant.
Prior to the decision in Dole v. Dow Chem. Co. (30 N Y 2d 143) the substantive law in New York provided for joint and several liability between joint tort-feasors. Procedurally, this meant that a plaintiff could single out which of multiple tortfeasors he wished to sue and could make those whom he sued solely liable for the injuries sustained. The only exception permitted was where the defendant sued could assert that he was only passively negligent, which would then permit him to implead an alleged actively negligent tort-feasor by way of a third-party action. The Dole case (supra) has eliminated this dichotomy and has introduced among tort-feasors a kind of comparative negligence which permits a jury to decide the percentage of each tort-feasor’s responsibility for the plaintiff’s injury and permits a joint tort-feasor himself to bring in another whom the plaintiff has for one reason or another omitted.
Even prior to the Dole case, in third-party indemnity actions, a third-party plaintiff who entered into a voluntary settlement of the primary action did not thereby lose his right to indemnity *121 from the third-party defendant. The third-party claim might still prevail if the third-party plaintiff could establish actionable facts which impose liability upon the third-party defendant and also establish the reasonableness of the settlement amount (Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214; Washington v. Morantz, 11 Misc 2d 273; 3 Carmody-Wait, New York Practice, § 19:110). Application of this principle, together with the abolition of the passive-active standard, now permits a settling tort-feasor to maintain his indemnity claim against a nonsettling one for whatever the latter’s prorata share may be when the settlement occurs while both are in some way parties to a pending action. (Hain v. Hewlett Arcade, 40 A D 2d 991; McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, David D. Siegel, Practice Commentaries, C3019:60.) The obligation of the settling tort-feasor' when he seeks indemnification from the nonsettling third-party defendant is to show that (1) the settling tort-feasor was liable to the injured party, (2) that the settling tort-feasor is entitled to Dole indemnity from the nonsettling tort-feasor because the latter is in whole or in part responsible for the injuries, and (3) that the settlement is reasonable.
Within the context of the present third-party action, the effect of these principles will be to require that the defendant Burnett prove that the settlement he has made with the plaintiffs D’Arcangelo is reasonable; that he was in fact liable to the plaintiff D’Arcangelo for the injuries and damages sustained and that the third-party defendant Scott is in whole or in part responsible for these damages. It would not appear that the third-party defendant Scott has incurred any prejudice as a result of the Burnett settlement since he has had ample notice of the occurrence involved and its essential elements from the plaintiff’s complaint and he should by now have had ample opportunity to prepare whatever proof is necessary either to establish his nonliability to the plaintiff or to mitigate his own responsibility in the incident and establish the degree of the defendant Burnett’s culpability.
In consequence of the foregoing, the motion of the third-party defendant Scott to dismiss the amended third-party complaint is denied and actions Nos. 1 and 2 should be continued upon the trial calendar until final disposition.
Examination of the complaint in action No. 3 indicates that the cause of action therein stated and the relief sought by the plaintiff Burnett is identical in all respects to the relief by way of indemnity sought by third-party defendant Burnett within the context of the third-party action. Accordingly, there is no *122 justification or necessity for the continuation of this redundant proceeding and the motion of the defendant Scott to dismiss this amended complaint is therefore granted upon the ground that there is presently another action pending between the same parties for the same cause of action.