EDMUND TIPALDI, Respondent, v. RIVERSIDE MEMORIAL CHAPEL, INC., et al., Appellants, and J. ALEXANDER STEIN, INC., Appellant-Respondent, et al., Defendants.

First Department, March 31, 1948.

*William E. Lyons* of counsel (*Cohen & McGuirk,* attorneys), for Riverside Memorial Chapel, Inc., and New York Riverside Memorial Chapel, Inc., appellants.

*Alexander Orr, Jr.,* of counsel (*Walter G. Evans* and *William G. Walsh* with him on the brief; *James H. Brassel,* attorney), for J. Alexander Stein, Inc., appellant-respondent.

*Jacob D. Fuchsberg* of counsel (*Harry Youran,* attorney), for Edmund Tipaldi, respondent.

CALLAHAN, J. These are appeals (1) by the owner of real property and a general contractor employed to erect an addition

to an existing structure from a judgment in favor of a pedestrian injured by the falling of building material into the highway, and (2) by the owner from the dismissal of a cross claim against the general contractor for indemnity.

On May 13, 1945, the plaintiff, while walking in front of premises 180 West 76th Street, in the borough of Manhattan, was injured when a plank fell from an overhead bridge or canopy covering the sidewalk. This shed had been erected in connection with the construction of a new building to be used as an addition to a funeral chapel owned by the defendant Riverside Memorial Chapel, Inc., and operated by the defendant New York Riverside Memorial Chapel, Inc. The record, however, sufficiently establishes that the two '' Riverside '' corporations stand in the position of owner of the property with respect to the issues in dispute, and for the sake of convenience these defendants shall hereinafter be described as the owner. The defendant J. Alexander Stein, Inc. (hereinafter called the general contractor) had entered into a contract with the owner for the erection of the new building. The general contractor sublet substantially all of the construction work, but employed a superintendent to supervise the job and hired laborers from time to time in the collection and disposal of waste materials and rubbish as well as otherwise keeping the premises safe.

The accident happened on a Sunday afternoon, when no workmen were on the site. One of the plaintiff's witnesses testified that the plank which struck the plaintiff had been leaning over or against the parapet of the sidewalk shed since the previous day. This board was about four feet long, ten inches wide, and two inches thick. It was coated or discolored with a cement-like substance. There is no direct evidence as to ownership of the plank, nor does it appear who placed the board in its precarious position. The plaintiff's witness also stated that on prior occasions he had seen debris and wood thrown from the windows of the building under construction and haphazardly piled on top of the sidewalk bridge. It was not definitely established, however, what caused the board or plank to become dislodged and fall into the street at the time of the accident.

While it was claimed by witnesses for the defendants that only new construction materials were received over the bridge and that rubbish and debris were ordinarily brought to the ground floor by way of the elevator hoist for removal from the premises, it was conceded that occasionally used boards or planks were taken over the bridge for loading into trucks. It also appears, as previously stated, that the general contractor

had engaged persons to gather the waste material as it accumulated and make the job secure. Admittedly, on May 10th and 11th truckloads of rubbish had been removed from the building by persons employed by the general contractor for the purpose. On May 12th only the superintendent of the general contractor and employees of the concrete subcontractor were at work, and the elevator hoist was not in operation on that day.

The issue of liability for negligence was submitted to the jury and resolved in favor of the plaintiff against the owner and the general contractor. On the appeal taken by these defendants we do not consider the damages awarded to be excessive and find no difficulty in affirming the plaintiff's judgment. The nature of the work which the owner of the property initiated was such as to charge the owner with the duty of reasonable care in its performance. With respect to pedestrians using the highway this duty was nondelegable in character. The proof in the case warranted the finding that the owner had at least constructive notice of the existence of a dangerous condition. Under the circumstances disclosed the owner was properly held liable to the plaintiff for negligence (*Schwartz* v. *Merola Bros. Construction Corp.,* 290 N. Y. 145; *Wright* v. *Tudor City Twelfth Unit, Inc.,* 276 N. Y. 303). The general contractor had a duty of general supervision over the work and was responsible for keeping the premises safe. The jury found that it failed to discharge this duty after actual or constructive notice of a hazardous condition. The verdict against the general contractor in the plaintiff's favor was likewise proper (*Delaney* v. *Philhern Realty Holding Corp.,* 280 N. Y. 461; *Rosenberg* v. *Schwartz,* 260 N. Y. 162).

The appeal from the dismissal of the cross claim of the owner against the general contractor presents a more troublesome problem. By stipulation of the parties the questions arising in connection with the cross claim were reserved for decision by the trial court after rendition of the jury's verdict. The cross claim was dismissed against the general contractor. We must assume that the trial court passed upon all questions of fact and law raised thereby and resolved all disputed issues in favor of the general contractor. It was observed by the trial court that the case simply involved a question of common-law negligence on the theory of permitting a dangerous condition to exist in the public highway. There was no express finding with respect to the degree of negligence attributable to these defendants, nor did the trial court indicate any opinion concerning the existence of any breach of duty owing by the general contractor to the

owner. But in view of the contract between these parties we consider that the jury's verdict in favor of the plaintiff eliminated any substantial dispute on the salient facts as between these defendants and that the disposition of the cross claim presented questions of law rather than fact.

On this phase of the appeal it should be noted that the case involves no breach of statutory duty by the owner or the general contractor. This circumstance would render inapplicable the rule enunciated in *Walters* v. *Rao Electrical Equipment Co.* (289 N. Y. 57) prohibiting recovery over by one tort feasor against another where both had violated certain statutory duties owing to the plaintiff. (See *Semanchuck* v. *Fifth Ave. & 37th St. Corp.*, 290 N. Y. 412.)

In the case at bar the contract between the owner and the general contractor contained no express covenant of indemnity. Under such circumstances, as was held in *Schwartz* v. *Merola Bros. Construction Corp.* (290 N. Y. 145, *supra*), the owner's right to indemnity would be controlled by common-law principles enunciated in such cases as *Dunn* v. *Uvalde Asphalt Paving Co.* (175 N. Y. 214), *Scott* v. *Curtis* (195 N. Y. 424), and *Phœnix Bridge Co.* v. *Creem* (102 App. Div. 354, affd. 185 N. Y. 580). These cases established the law to be that even in the absence of an express covenant of indemnity a primary or principal wrongdoer is responsible for his negligent act not only to the person directly injured, but also to one indirectly harmed by being cast in damages by operation of law for the wrongful act. This right to indemnity is subject to the exception that it will not be applied in favor of one contributing to the direct injury by his own active negligence.

Applying this rule to the facts of this case, and considering first the question whether the owner was guilty of active negligence in bringing about the plaintiff's injuries, we find no evidence of more than passive negligence in the owner's omission to perform the legal duty of supervising the work.

The general contractor contends that the cross claim for indemnification was properly dismissed in view of the jury's finding that the general contractor and the owner were guilty of the same passive negligence. The merits of this contention must be resolved by a determination of the question whether these defendants stand *in pari delicto*. However, the mere fact that both parties may be guilty of negligence in law as to the person injured does not necessarily mean that the owner and the general contractor are *participes criminis* or *in pari delicto* as to each other. (See *Churchill* v. *Holt*, 127 Mass. 165.) Where

an owner of property is held to respond in damages for injury to another merely because of his ownership and not by reason of his participation in the negligence of the principal wrongdoer, he is entitled to indemnification from the one primarily at fault. We see no reason why the right to indemnity in such case should not be the same whether the fault of the primary or principal wrongdoer is attributable to a negligent act of commission or proceeds from a negligent omission or failure of duty on his part resulting in injury to a third person. It has been said in language particularly appropriate in the circumstances of this case that " When an employee or independent contractor assumes the duty of performing an act which is dependent upon his personal care and attention and an injury arises by reason of lack of such care and attention such person is liable to the owner of the property if he is called upon to pay and does pay the damages arising from such negligence " (*Scott* v. *Curtis,* 195 N. Y. 424, 428, *supra*).

In *Phœnix Bridge Co.* v. *Creem* (102 App. Div. 354, 356–357, *supra*), the plaintiff was allowed to recover the amount paid in settlement of a judgment and the expense of defending an action brought against the plaintiff for personal injuries occasioned by the defendants' negligence in the performance of certain work subcontracted to the defendants. In that case also involving the right to indemnity for the consequences of another's negligence the rule of liability for indemnity which would seem applicable to this case is pertinently stated as follows:

" * * * the liability which results from the mere omission of a legal duty is to be distinguished for the purposes of this case from that which results from personal participation in an affirmative act of negligence or from a physical connection with an act of omission by knowledge of, or acquiescence in, it on the part of the original contractor, or by his failure to perform some duty in connection with it which he may have undertaken by virtue of his agreement. In other words, while both the plaintiff and the defendants were equally culpable and equally liable to the traveling public for the omission of duty which resulted in the injury, yet *as between themselves* the plaintiff was entitled to rely upon the defendants to discharge the duty because of their contractual relations, and the former could only be deprived of the right of indemnity by proof that it did in fact participate in some manner in the omission beyond its mere failure to perform the duty imposed on both by the law.

" ' * * * Where the offense is merely *malum prohibitum,* and does not involve any moral delinquency, it is not against

the policy of the law to inquire into the relative delinquency, and to administer justice between them, although both parties are wrongdoers. * * * ' '' (Italics in original.)

While as to persons on the highway the owner in this case may not be heard to say that its duty to safeguard against a dangerous condition was delegated to another, nevertheless the general contractor had agreed with the owner to perform the task of carrying out the work of construction. Between these parties the primary obligation to keep the premises free from danger to third persons undoubtedly rested on the general contractor. This was a contractual duty assumed by the latter, and for which it was being compensated by the owner. From the standpoint of their relative delinquency it would seem that the general contractor should be deemed a primary wrongdoer, whose failure or omission in the proper discharge of a contractual duty cast the owner in damages for the plaintiff's injuries. The owner was liable only by reason of ownership of the property and for omission of a duty imposed by law, not because of its active interposition or personal participation in an affirmative act of negligence. The general contractor should not be permitted to avoid its obligation to indemnify the owner on the plea that it was guilty of passive negligence in the same degree as the owner. To accept this plea would be to allow the avoidance of responsibility for the nonperformance or breach of a contractual duty independently owing to the owner.

We hold that the owner and general contractor are not *in pari delicto* and that the evidence sufficiently establishes the liability of the general contractor to indemnify the owner for the damages imposed upon the latter by operation of law. We are aware that an express covenant of indemnity will not be interpreted to indemnify one against his own active negligence in the absence of an explicit provision for such protection (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36), and such rule would apply with equal force to an implied duty of indemnity arising under contract. This rule, however, bars indemnity only when the indemnitee has been guilty of active wrongdoing (*Schwartz* v. *Merola Bros. Construction Corp.*, 290 N. Y. 145, *supra*) and would have no application to defeat the right of the owner to indemnity against the general contractor in this case.

The appeal raises no question as to the dismissal of the complaint and cross claims against the various subcontractors also joined as parties to the action.

The judgment in favor of the plaintiff should be affirmed, with costs to the plaintiff against the defendants Riverside Memorial

Chapel, Inc., New York Riverside Memorial Chapel, Inc., and J. Alexander Stein, Inc.; and the order denying the motion of the defendants Riverside Memorial Chapel, Inc., and New York Riverside Memorial Chapel, Inc., for judgment over and against the defendant J. Alexander Stein, Inc., on their respective cross complaints should be reversed and the said motion granted and judgment over directed to be entered in favor of the defendants Riverside Memorial Chapel, Inc., and New York Riverside Memorial Chapel, Inc., against the defendant J. Alexander Stein, Inc., with one bill of costs of this appeal to the defendants Riverside Memorial Chapel, Inc., and New York Riverside Memorial Chapel, Inc.

PECK, P. J., GLENNON, COHN and VAN VOORHIS, JJ., concur.

Judgment in favor of plaintiff unanimously affirmed with costs to the plaintiff against the defendants Riverside Memorial Chapel, Inc., New York Riverside Memorial Chapel, Inc., and J. Alexander Stein, Inc. Order denying motion of the defendants Riverside Memorial Chapel, Inc., and New York Riverside Memorial Chapel, Inc., for judgment over and against defendant J. Alexander Stein, Inc., on their respective cross complaints unanimously reversed and said motion granted and judgment over directed to be entered in favor of the defendants Riverside Memorial Chapel, Inc., and New York Riverside Memorial Chapel, Inc., against defendant J. Alexander Stein, Inc., with one bill of costs of this appeal to the defendants Riverside Memorial Chapel, Inc., and New York Riverside Memorial Chapel, Inc. Settle order on notice.