MILLIE TAURASO, as Administratrix of the Estate of PASQUALE TAURASO, Deceased, Plaintiff, *v.* THE TEXAS COMPANY et al., Defendants.

Supreme Court, Trial Term, Queens County, April 27, 1948.

*Harry A. Gair* for plaintiff.

*George J. Stacy, John A. Gleason* and *Joseph Kane* for The Texas Company, defendant.

*Maurice Giaimo* for Ralph Troise and another, doing business as R & N Service Station, defendants.

*Joshua Freiberger* for Jane Eyre Co., Inc., defendant.

C. A. JOHNSON, J. In the above-entitled action a verdict was returned by a jury against the defendants, John Lenerise (in default), The Texas Company, Ralph Troise and Nicholas Lamaina, copartners doing business as R & N Service Station, and Jane Eyre Co., Inc., fixing damages in the sum of $70,000 for the death of the plaintiff's intestate, and the further sum of $5,000 for the pain and suffering endured by him between the date of the accident involved in the litigation and the date of his death.

In the course of the trial, decision was reserved upon various motions made on behalf of the several answering defendants to dismiss the complaint as against them, and for directed verdicts in their favor. There also remains for decision the determination of a cross complaint asserted by defendant Jane Eyre Co., Inc., against the defendant The Texas Company.

There was testimony upon the trial from which the jury was entitled to find that The Texas Company was the lessee of certain premises in the county of Queens, improved and equipped, under the terms of its lease, for use as a gasoline and automobile service station; that the defendant, Jane Eyre Co., Inc., purchased the premises subject to the said lease, and at the time of the purchase received, as landlord, an assignment of the said lease; that the defendants Ralph Troise and Nicholas Lamaina, copartners doing business as the R & N Service Station, operated the premises as a service station, as sublessees of the defendant, The Texas Company; that while this condition of affairs existed the plaintiff's intestate received injuries while walking along the sidewalk adjacent to the premises; that said injuries resulted from negligence in the operation of an automobile by the defendant John Lenerise; that at the time of such injury the automobile was being operated by Lenerise in pursuance of the business of Troise and Lamaina; and that as a result of the injuries thereby sustained, the plaintiff's intestate died.

The case was submitted to the jury as to the defendants The Texas Company and Jane Eyre Co., Inc., on the theory that there was evidence from which it might be found that the

premises involved were so constructed and arranged that their use as a gasoline and service station might reasonably be expected to be inherently dangerous to passersby upon the adjacent sidewalks if the business were not skilfully and carefully operated; in other words, that by reason of the size of the premises, the location of the pumps, the location of the buildings, and all other surrounding circumstances shown by the evidence to exist, it might reasonably have been foreseen that danger to pedestrians using the sidewalk would result from the negligent operation of an automobile being moved about upon the premises. From the peculiar dimensions and layout of these premises, and from the fact that no railing or other guard existed between the sidewalks and the lot itself, a jury might well conclude that the landowner and the tenant had made the sidewalk a part of their business premises and should have anticipated that such action might create grave danger if operation of automobiles upon the premises were permitted to extend to the sidewalk itself, as did in fact happen on the occasion of the injury to the plaintiff's intestate.

It is generally true that an owner of real estate who has leased the entire premises to a tenant is not liable for the carelessness of tenants or third parties in their use of the premises (*Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354). This general rule, however, is subject to exceptions. The numerous cases having to do with negligence of general contractors, resulting in injury to passersby on public highways, may not be controlling (*Tipaldi* v. *Riverside Memorial Chapel*, 273 App. Div. 414); for an owner in possession having work done on his premises by a general contractor is not in the same position as an owner who has leased his entire premises to a tenant and surrendered possession thereof to the tenant. Authority is not lacking, however, for the proposition that an owner may not, by leasing real property, divest himself of all liability to the traveling public or users of the premises. That is particularly true where premises are leased in a condition known to be dangerous to the public or with defects discoverable by reasonable inspection (*Junkermann* v. *Tilyou Realty Co.*, 213 N. Y. 404); or where an owner leases premises already a nuisance or necessarily to become so from use. (*Irvine* v. *Wood*, 51 N. Y. 224; *Swords* v. *Edgar*, 59 N. Y. 28.)

At the time the defendant The Texas Company sublet the premises in question, and at the time that the defendant Jane Eyre Co., Inc., became the owner thereof by purchase, and took

an assignment as landlord of the dominant lease, conditions existed, as the jury has found, from which it was reasonable to anticipate injury to persons using the sidewalks adjacent to the premises. The very use to which the premises were intended to be put created the danger. Anyone would realize that if, in moving an automobile from one point to another on the premises, the operator negligently drove over or upon the adjacent sidewalks without observing pedestrians using them, injury might result to the pedestrians. The leasing of the premises in this condition, and for this purpose, renders the owner and the tenant liable for injury which may reasonably be anticipated. Whether the wrong be deemed nuisance or negligence is immaterial; the defendants who have sought benefit from a use of their premises likely to endanger passersby should, it seems, respond in damages if such injury results.

Although the precise question involved does not appear to have been the subject of any decision, the court is convinced, by reason of authorities already cited, that the testimony adduced was admissible under the pleadings, that a verdict was properly returned against all of the defendants.

With respect to the amount of the verdict, a different conclusion is reached. Plaintiff's intestate had a life expectancy of some twenty-one years, and his wages at the time of his injuries, and for some years prior thereto, had amounted to between $2,000 and $2,500 per year. In the court's opinion a verdict of $70,000 is so far excessive as to necessitate a reduction, and the verdict will, therefore, be set aside, unless the plaintiff stipulates within ten days to reduce the verdict for death to $35,000. The verdict of $5,000 for pain and suffering is not excessive and will not be interfered with.

There remains for determination the question as to the disposition of the cross complaint of the owner Jane Eyre Co., Inc., against the tenant The Texas Company. The lease under which The Texas Company occupied the premises contains the following indemnity provision: " (18) Liability: The lessee agrees to indemnify and save the lessor harmless for and against all liability, damages and judgments arising from injury during the term herein to person or property occasioned by the acts or omissions of the lessee, and also for any matter resulting from the occupation of the premises or of the streets or sidewalks adjacent thereto, excepting where resulting from the acts of negligence of lessor or conditions due to the negligence on the part of lessor."

By reason of the conclusion reached regarding the respective rights and obligations of the parties, the regularity of the interposition of the cross complaint, so far as The Texas Company is concerned, will not be considered. The court has come to the conclusion that upon the evidence in this case, and the language of the indemnity agreement, the defendants, The Texas Company and Jane Eyre Co., Inc., are *in pari delicto* and that the owner has no right to a recovery over from the tenant. The liability of both of these defendants arises from the conditions under which it was intended by both that the premises should be used. In this regard they were equally negligent, and the exception contained in the last clause of the indemnity provision applies. Accordingly, the cross complaint of Jane Eyre Co., Inc., against The Texas Company is dismissed.

The several motions made by the various defendants for a dismissal of the complaint, and for the direction of a verdict are denied, with exceptions to all defendants. The motion of the defendants to set aside the verdict on the ground that it is excessive will be granted, unless within ten days the plaintiff stipulates to reduce the verdict for wrongful death to $35,000, making the total verdict (excluding interest) $40,000. The defendants may have a thirty-day stay of execution and sixty days to make a case.

If a formal order hereon is desired to be entered, it may be settled on notice.