Judgment against appellants Ralph Troise and Nicholas Lamaina, insofar as appealed from, unanimously affirmed, with costs. On appeal by appellant Jane Eyre Co., Inc., the order denying its motion for judgment over against The Texas Company on its cross complaint, insofar as appealed from, is unanimously affirmed, without costs. A new trial would in any event be granted on the ground that the implicit finding that the above-named corporate defendants were guilty of a breach of duty that caused the accident is contrary to the evidence and to the weight thereof, and on the ground that it was error to permit amendment of the pleadings, so as to allege a different theory of action than that originally pleaded, without granting an adjournment to permit preparation of a defense thereto. The defendant Jane Eyre Co., Inc., was the owner of a gasoline service station. The defendant The Texas Company was the lessee thereof out of control and possession. A servant or employee of defendants Troise and Lamaina, the subtenants of the lessee, who were in control and possession of the premises, backed" an automobile out of the station across the sidewalk, without notice or warning, into and against a pedestrian on the sidewalk, causing injuries allegedly resulting in death. The verdict against the defendants Jane Eyre Co., Inc., and The Texas Company was based upon the ground that the construction of the service station was inherently dangerous and that the station was so constructed and arranged that the use thereof for the purpose for which it was erected was dangerous, and that the *857 happening of the accident in the manner alleged and proved was reasonably foreseeable. There is no evidence to support that theory of liability. Furthermore, the record is devoid of proof that the alleged dangerous construction was the proximate cause of the accident. There was no causal connection between the location of the pumps and the negligent operation of the automobile across the sidewalk by the defendant Lenerise, which negligent operation was the sole cause of the accident. The corporate defendants are not liable for the independent negligent act of defendant Lenerise, an employee of the subtenants in control and possession of the premises. Nolan, P. J., Johnston, Adel, Sneed and MacCrate, JJ., concur. [192 Misc. 147.] [See post, p. 1003.]