DESDEMONA D'ONOFRIO et al., Plaintiffs, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, Bronx County, October 18, 1953.

*Cardo & Sforza* for plaintiffs.

*William I. Friedman* for Maxwell M. Strauss, defendant.

FRANK, J. This is a motion to dismiss a cross complaint and appears to be a problem of first impression. While a passenger in a car owned and operated by plaintiff husband, plaintiff wife was allegedly injured when the car was driven into an unguarded obstruction or excavation, created upon a public highway during the construction of a gasoline station. The wife seeks to recover for personal injuries, and the husband is joined as a party plaintiff in a derivative action for loss of services and medical expenses. Other than the City of New York, the defendants are either owner or lessees of the premises in question, or contractors performing the work thereon.

The defendant Strauss is alleged to be a co-lessee. The complaint charges him with participation in acts of commission and omission and alleges that he, in substance, is guilty of negligence. He denies the pertinent allegations. In his answer, this defendant pleads a " cross-complaint " against plaintiff husband in which he alleges that such injuries as the wife received were occasioned solely by the negligence of the husband and without any fault on his, Strauss's part, and demands judgment over against the husband plaintiff, if the wife recover against him. There is no bill of particulars in amplification of either the complaint or the cross claim contained in the answer.

It is, of course, elementary that if there be contributory negligence on the part of the plaintiff husband in the operation of the car, it cannot be imputed to the plaintiff wife, a passenger in the vehicle. So that, despite the contributory negligence of

the husband, if actionable negligence of any character be established against the defendants, the wife could have recovery. It is equally true that if there be negligence on the part of the defendant Strauss of such a character as to constitute him a principal tort-feasor, he could not, in that event, have recovery over as against any other defendant. Such determination cannot, however, be made upon the basis of pleadings alone. Although the pleadings might have been drawn more precisely, the intention of the pleaders can be ascertained despite the inartistic quality of the product.

It is possible that recovery could be had against the defendant Strauss under the complaint by the imposition of liability not involving the kind of negligence which would constitute him a primary or principal tort-feasor. (See Restatement, Restitution, § 97, and *Colonial Motor Coach Corp.* v. *New York Central R. R. Co.,* 131 Misc. 891.) It is likewise conceivable that the proof could establish that the plaintiff husband, in the operation of the automobile, was negligent.

The horizons of our concepts in many fields of the law are constantly widening. In torts, and especially negligence, the changes by statute and decisional doctrine have encompassed broader areas. We impose liability now where none existed a few short years ago. (1 Shearman and Redfield on Negligence [rev. ed], § 7.) Particularly marked is the trend "that the ethical quality of the defendant's act is the measure of liability not just the final act done ". (Shientag, Charles Evans Hughes Memorial Lecture, 21 Fordham L. Rev. 14.)

We are not here concerned with the doctrine of contribution by a joint tort-feasor resulting in partial restitution, but rather with indemnity. The former was nonexistent under the common law. Contribution is restrictively permitted, only as the result of legislative fiat and is entirely dependent upon the existence of the conditions required by statute (Civ. Prac. Act, § 211-a). Antithetically, indemnity is an expansion of a common-law concept which imposes an obligation, express or implied, upon the primary or principal tort-feasor to assume the burden of the liability and relieve other tort-feasors not in that category.

Since the first determination of note on the subject in this jurisdiction in 1878 (*City of Rochester* v. *Montgomery,* 72 N. Y. 65), indemnification has been gradually expanded through successive decisions to impose the total ultimate liability upon the defendant essentially and principally responsible for the tortious act.

In *Scott* v. *Curtis* (195 N. Y. 424, 428), the court stated: " As between themselves the active wrongdoer stands in the relation of an indemnitor to the person who has been held legally liable therefor. (*Phoenix Bridge Co.* v. *Creem,* 102 App. Div. 354; affd., 185 N. Y. 580.) "

In *Tipaldi* v. *Riverside Memorial Chapel* (273 App. Div. 414, affd. 298 N. Y. 686) the Appellate Division said (pp. 418–419): " Where an owner of property is held to respond in damages for injury to another merely because of his ownership and not by reason of his participation in the negligence of the principal wrongdoer, he is entitled to indemnification from the one primarily at fault."

The latest determination of the Court of Appeals holds that one, although guilty of a fault of omission, may recover against the principal and affirmative wrongdoers (*McFall* v. *Compagnie Maritime Belge,* 304 N. Y. 314, 330).

The subject has been comprehensively analyzed in an article published in 1950 (Indemnity between Tort Feasors: An Evolving Doctrine in the New York Court of Appeals, 25 N. Y. U. L. Rev. 845). The authors state (p. 859): " A cross-complaint must avoid being branded with the charge that he ' concurred in the wrong ' or was guilty of ' active interposition or personal participation in an affirmative act of negligence ' or was in ' *pari delicto* ' with the cross-respondent." This statement is a proper conclusion drawn from the decisions.

Reference has hereinbefore been made to the first noteworthy case in the State on the subject of indemnification (*City of Rochester* v. *Montgomery,* 72 N. Y. 65, *supra*). The factual similarity there and here is marked. Montgomery unlawfully obstructed the street with materials to be used in the construction of a building for the City of Rochester. One McNeiss was injured by contact with the obstruction, while driving his " buggy " through the street. McNeiss recovered against the city which then commenced an action against Montgomery. The Court of Appeals in affirming a judgment against Montgomery in effect held that the nondelegable duty owed to the public by the plaintiff did not deprive it of the right of full recovery of the judgment recovered by McNeiss due to the negligent act of Montgomery.

That could well be the position of the defendant here under his pleading, assuming it susceptible of adequate proof.

Tested under the authorities, the answer of the defendant Strauss does not compel a conclusion that he was *in pari delicto,* concurred in the wrong, was guilty of personal participation,

or by affirmative action or acquiescence was principally or primarily chargeable with responsibility.

Prior to 1946, claims for judgment over were limited as between defendants, pursuant to section 264 of the Civil Practice Act. By enactment of chapter 971 of the Laws of 1946, this section was extensively and radically amended so that words of limitation, confining controversies to defendants, were eliminated and words broadening the scope of the section to include all parties to an action were substituted. (*Acco Products* v. *Cooperative G. L. F. Holding Corp.,* 96 N. Y. S. 2d 541, 545; *Paretta* v. *White Acres Realty Corp.,* 190 Misc. 649).

Section 264 of the Civil Practice Act permits the assertion of a claim over by any party to an action as against any other party, whether plaintiff or defendant, to the end that all rights arising out of a given transaction or set of circumstances may be determined in one suit.

While, therefore, it may appear incongruous that a defendant in a negligence action may seek recovery over against one plaintiff for any judgment against him awarded to another plaintiff, the proof on a trial may entitle the defendant to such relief, and the section under which the allegations are pleaded in the answer permits the assertion of such a claim.

The motion to strike out the " cross-complaint " of defendant Strauss is, therefore, denied.