DESDEMONA D'ONOFRIO et al., Appellants, v. CITY OF NEW YORK et al., Defendants, and MAXWELL M. STRAUSS, Respondent.

First Department, October 26, 1954.

*John G. Coleman* of counsel (*Cardo & Sforza,* attorneys), for appellants.

No appearance for respondent.

*Per Curiam.* The complaint alleges that plaintiff wife, while a passenger in a car operated by her husband, was injured when the car mounted an unguarded pile of earth and rubble on a public highway and plunged into an excavation. All of the individual defendants are charged indiscriminately with acts of commission and omission in creating the mound and excavation and in permitting them to remain upon the highway. The wife sues for damages for personal injuries, and her husband for loss of services and medical expenses.

Defendant Strauss, allegedly a co-lessee of property under construction which adjoined the excavation, denies the allegations of negligence and asserts a so-called cross complaint against plaintiff husband demanding judgment against the husband if the wife recovers against him. In a learned and comprehensive opinion the Justice at Special Term ruled correctly that under section 264 of the Civil Practice Act a party to an action may claim over as against any other party, whether plaintiff or defendant, to avoid a multiplicity of suits and to determine in one action all issues arising out of a given set of

circumstances. (206 Misc. 644.) Therefore, defendant Strauss may assert in his pleadings that the plaintiff husband is or may be liable to him for the claim asserted against Strauss by the plaintiff wife in the main action.

However, Strauss must affirmatively set forth allegations in his cross complaint, either expressly or by reference to allegations in the complaint, which, if proven, will establish his claim. The norms governing Strauss's right to relief are stated in *Scott* v. *Curtis* (195 N. Y. 424, 428): " Where the liability rests upon two or more persons who are as against the person injured jointly liable for the injury the rule invoked by the defendants that the court should not interfere as between joint tort feasors is not applicable, where one of the two or more persons chargeable with negligence is primarily liable therefor and the others are only liable by reason of their ownership of the property and not by reason of any negligence occurring by their active interposition or with their affirmative knowledge and assent."

It may well be that if Strauss must respond to the plaintiff wife in damages as a tort-feasor, he may be able to prove a cause of action for indemnification against the husband plaintiff; but under the allegations in his cross complaint he is not entitled to such relief. Strauss states in his cross complaint that the plaintiffs' complaint alleges that the wife's injuries were due wholly and solely to the negligence of the defendants — including Strauss; that if she sustained injuries and damages they were occasioned without any fault of Strauss contributing thereto, but by reason of the negligence of the plaintiff husband or the contributory negligence of his wife. Of course, if Strauss sustains these allegations he must prevail as against both plaintiffs, and it follows he need have no recourse to indemnification from the plaintiff husband.

There are no allegations in the cross complaint to the effect that the plaintiff husband is the primary or principal wrongdoer, and that he therefore would be liable over to Straus as " one indirectly harmed by being cast in damages by operation of law for the wrongful act " (*Tipaldi* v. *Riverside Memorial Chapel*, 273 App. Div. 414, 418). The complaint charges Strauss with acts of omission and commission, and there appear nowhere on the face of any of the pleadings any allegations that would justify Strauss, as a tort-feasor guilty of passive negligence, in seeking indemnity from the plaintiff husband.

Accordingly, the order of Special Term should be reversed, without costs, and the motion to dismiss the cross complaint granted, with leave to defendant Strauss to replead.

CALLAHAN, BREITEL, BASTOW and BOTEIN, JJ., concur; COHN, J. P., dissents and votes to affirm on the opininon of Mr. Justice FRANK at the Special Term. (206 Misc. 644.)

Order reversed. Motion to dismiss the cross complaint granted, with leave to the defendant Strauss to replead.