Saul S. Stbeit, J.
Defendants Ling and Fung move to dismiss the cross complaint of the defendant Malester Operating Corp. for insufficiency and upon the ground it is not interposable under section 264 of the Civil Practice Act.
The complaint contains six causes of action. The principal plaintiff alleges a cause separately against each of the three defendants and the coplaintiff alleges a derivative cause separately against each of the three defendants. A first cause of action alleged against the defendant City of New York charges negligence in that snow and ice were permitted to accumulate and to remain in a dangerous condition. The third cause alleged against Malester charges negligence in that it undertook to remove the snow and ice, leaving some portions remaining in a clinging, spotty, slippery and dangerous condition and permitting it in spots to melt and to run over and freeze upon other cleaned portions of the sidewalk. The fifth cause alleged against Ling and Fung charges negligence in that they undertook to wash the steps leading from the street to the second floor of the premises and the accumulated snow, slush and ice from the sidewalk and in doing so poured hot water thereon which did freeze, rendering portions of the unremoved snow and ice and sidewalk surface slippery and dangerous. Thus, while the third and fifth *274 causes repeat the allegations of the first cause, they impose liability upon the respective defendants, not upon the mere accumulation and maintenance in dangerous conditions, but rather upon an explicit allegation as to each defendant named in each of the third and fifth causes, of affirmative acts of negligence in dealing with the accumulation and creating the alleged dangerous condition producing the injury.
The cross complaint of Malester against Ling and Fung alleges that the latter were in possession of the upper floors of the premises under a lease which provided that the tenant shall keep the sidewalk free from snow and ice, dirt and rubbish, and free of obstruction or incumbrance. The lease provided further that the tenant shall carry public liability insurance and would hold Malester harmless from any damage for personal injuries sustained by third persons in connection with the use and operation of the premises. Such an allegation of contractual indemnity is conclusory only. There is no allegation of breach of the obligation to furnish insurance coverage and in any event the breach of such provision does not furnish any basis for contractual indemnity. The cross complaint alleges further that if plaintiff sustained injuries as alleged in the complaint and without contribution thereto, such injury was caused by reason of the negligence of Ling and Fung in suffering and permitting snow and ice to accumulate, by removing the accumulation and washing the area in a negligent manner, to all of which Malester’s negligence was secondary.
The cross complaint states that plaintiffs’ claims of negligence against the separate defendants are mutually exclusive, alternating and possibly inconsistent. They are indeed and, in addition, in order to prevail against the defendant Malester or against the defendants Ling and Fung plaintiff must establish specific acts of negligence alleged as to each. In each instance such proof as to those defendants will necessarily result from active negligence and under the complaint plaintiff can recover only against the defendant city for the acts of a third person. Under the third and fifth causes if plaintiffs fail to prove active negligence as therein alleged as .to either of those defendants, they cannot recover and if plaintiffs do prevail the defendant found culpable is guilty of active negligence and therefore can possess no claim over. While it is true, as Malester argues, that it cannot now be anticipated which set of facts produced • the injury, yet under plaintiffs’ pleading" the testimony here is the nature of the act charged in each of the causes against the respective defendants therein. Since Malester is charged with active negligence only, this is not a case requiring a develop *275 ment of the facts to determine whether it can claim the position of a passive wrongdoer. The plaintiff has by separate causes so stated each of the set of facts as to each defendant upon which the liability of each defendant rests, that a situation of disparate delinquency as in McFall v. Campagnie Maritime Beige (304 N. Y. 314), does not arise.
The motion is granted and the cross complaint is dismissed. If Malester can allege factually a sufficient basis for contractual indemnity, it may replead within 20 days from service of a copy of this order with notice of entry.