■ DAVID BALCH et al., Respondents, v. RICHBY REALTY CORPORATION, Defendant and Third-Party Plaintiff-Respondent. SOL MANDELL et al., Doing Business as EXPRESS HAULAGE CO., Third-Party Defendants-Appellants; EXPRESS PAPER WAREHOUSE CORP. et al., Third-Party Defendants.— Order unanimously reversed on the law, with $20 costs and disbursements to the third-party defendants-appellants, and the motion granted, and judgment is directed to be entered in favor of the third-party defendants-appellants against the third-party plaintiff-respondent dismissing the third-party complaint, with costs. The original complaint served by the injured person charges the defendant owner of the premises with improper maintenance of freight elevators, so that, as a consequence, the elevator doors were open, although the elevator was not at the floor level. The defendant owner, as third-party plaintiff, charges in its complaint against the third-party defendant that if it is held liable to the injured person, then the third-party defendant should be liable to it, because the third-party defendant, in the course of the work it was doing on the second floor of the premises, left an iron plate at the opening to the elevator shaft which was caused to fall and injure the original plaintiff. It is obvious that the third-party complaint does not spell out facts which support the theory of liability over, either on contract indemnity or implied indemnity in the law of torts. Rather, it charges an entirely different cause of the accident, foreign to that contained in the original complaint. This would not support a liability over, but may well constitute a defense in the main action. If the defendant owner's theory is that the accident was caused by the concurrent negligent acts of permitting the elevators to be open on the first floor and the leaving of an iron plate at the opening of the shaftway on the second floor, then the defendant owner and the third-party defendant would be joint

tort-feasors. As between joint tort-feasors, *in pari delicto*, there is no right of liability over. The fact that one of the concurrent causes of the accident is the result of nonfeasance does not make the negligence "passive", so long as it was a concurrent producing cause of the accident, and there is no breach of duty as between the tort-feasors, as distinguished from a breach of duty toward the injured person. (*Tipaldi* v. *Riverside Mem. Chapel*, 273 App. Div. 414; see, also, *Crawford* v. *Blitman Constr. Corp.*, 1 A D 2d 398 and the authorities cited therein.) If the defendant owner and the third-party plaintiff has any other theory which might sustain liability over it has not been expressed, either in the pleading, or in the brief submitted. Concur—Peck, P. J., Breitel, Botein, Rabin and Frank, JJ.