■ ANNE LEFF, as Administratrix of the Estate of JACOB M. LEFF, Deceased, Appellant, v. SEYMOUR GOLDSTEIN, Defendant, and NORDA ESSENTIAL OIL & CHEMICAL COMPANY, INC., Respondent.— In an action to recover damages for wrongful death and for conscious pain and suffering, the jury rendered a verdict in favor of plaintiff against defendants, and the court granted the motion of defendant Norda Essential Oil & Chemical Company, Inc., to set aside the verdict and to dismiss the complaint as to it. The appeal, as limited by appellant's brief, is from so much of the judgment entered thereon as granted the motion. Judgment insofar as appealed from affirmed, without costs. No opinion. Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to modify the judgment by striking from the second decretal paragraph thereof everything following the words "set aside and that" and by substituting therefor the words "a new trial be had between the plaintiff and said defendant."

■ JOSEPH MANDELLO, Plaintiff, v. BROOKLYN DOCTORS HOSPITAL, Appellant, and ROCCO MASSELLA, Respondent, et al., Defendant. In an action to recover damages for personal injuries against a private hospital and two doctors, the appeal, as limited by appellant's brief, is from an order granting respondent's motion to dismiss the hospital's cross complaint on the ground that it does not state facts sufficient to constitute a cross complaint (Rules Civ. Prac., rule 106, subd. 4). Order reversed, with $10 costs and disbursements, and motion denied. While the allegations of the amended complaint charge negligence against the hospital and the doctors, paragraph "Tenth" clearly shows that the negligence charged consisted of failure to use proper skill in the treatment, care and diagnosis of plaintiff's injuries. This can only mean the acts of the doctors. Moreover, the cross complaint alleges that plaintiff was their private patient, and that the hospital was in no way responsible for their acts. Under the circumstances, the hospital was not a joint tortfeasor *in pari delicto* with the doctors. The alleged negligence, if any, on the part of the hospital was passive, whereas the negligence, if any, on the part of the doctors was active and primary. We are therefore of the opinion that the cross complaint was sufficient. (*Tipaldi* v. *Riverside Mem. Chapel*, 273 App. Div. 414, affd. 298 N. Y. 686; *McFall* v. *Compagnie Mar. Belge* [*Lloyd Royal*] *S. A.*, 304 N. Y. 314.) Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES DANIEL, Also Known as JAMES DANIELL, True Name JAMES E. DANIELL, Appellant.— Appeal (1) from a judgment of conviction rendered by the County Court, Nassau County, on January 17, 1958 sentencing appellant, after he had been found guilty by a jury of grand larceny in the second degree, to serve one year in the Nassau County Jail, and (2) from an order denying his motion in arrest of judgment. Judgment unanimously affirmed. No opinion. No separate appeal lies from the order, which has been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.