John J. Walsh, J.
The action is brought by plaintiffs to recover for alleged property damage which occurred at their premises in the City of Utica during the installation of a driveway when the defendants allegedly negligently performed certain labor and dumped certain materials on plaintiffs’ premises which allegedly resulted in damage to the cellar wall of the premises owned by plaintiffs.
Defendant Mid-State answered the complaint and denied the material allegations of the complaint, and as a basis for affirmative relief against Ludlow and Gaffney, alleged that if the plaintiff recovered a verdict against Mid-State, such damage was brought about by the negligence of Ludlow and Gaffney and not by reason of the negligence of Mid-State, and that the ultimate rights of the defendants as between themselves be determined by the same judgment pursuant to section 264 of the Civil Practice Act.
The motion to dismiss is based upon the contentions that:
(a) The complaint is grounded on the theory that all defendants were actively negligent and were joint tort-feasors.
(b) That the cross complaint does not allege the existence of either an express contract of indemnity or an implied right of indemnity.
*668 (e) The allegations in the cross complaint are eonelusory in nature only and are insufficient to state a cause of action against Ludlow and Gaffney.
The right of defendant Mid-State to indemnity is not precluded by the mere fact that plaintiffs allege that each of the parties is negligent with respect to plaintiffs. It is governed by the relationship among the alleged negligent parties and the inquiry centers around the question of which party is primarily at fault. (Crawford v. Blitman Constr. Corp., 1 A D 2d 398, 399 [1st Dept., 1956].)
The fact that the cross complaint does not allege an express covenant of indemnity is not fatal. “ [E]ven in the absence of an express covenant of indemnity a primary or principal wrongdoer is responsible for his negligent act not only to the person directly injured, but also to one indirectly harmed 'by being east in damages by operation of law for the wrongful act. This right of indemnity is subject to the exception that it will not be applied in favor of one contributing to the direct injury by his own active negligence.” (Tipaldi v. Riverside Mem. Chapel, 273 App. Div. 414, 418 [1st Dept., 1948], affd. 298 N. Y. 686.)
The nature of the several responsibilities as well as the degrees of wrongdoing, are not determinable on the pleadings alone. Development of the facts upon a trial is required. (Crawford v. Blitman Constr. Corp., supra.)
The cross complaint is sufficient as a matter of law. The fact that the complaint may be construed as charging active as well as passive negligence does not warrant the dismissal of the cross complaint. A cross complaint is sufficient on its face, if the factual situation alleged is such that the answering-defendant may be held liable to the .plaintiff on a ground or theory which would entitle the defendant to be indemnified by a codefendant. (Brady v. Weiss & Sons, 6 A D 2d 241, 243-244 [4th Dept., 1958].)
The motion to dismiss the cross complaint is denied, without costs.