Grace SUAREZ, an infant, by Julius Suarez, her Guardian ad Litem, and Julius Suarez, Plaintiffs,

v.

UNITED STATES of America, Mastow C. Murphy, Jacob Berlind and Rose Sprotzer, Defendants.

United States District Court
S. D. New York.
June 30, 1960.
As Modified on Rehearing Aug. 5, 1960.

Horacio L. Quinones, Harry Kaplan, New York City, for plaintiffs.

S. Hazard Gillespie, Jr., U. S. Atty., S. D. New York, New York City, for defendant the United States; Burton M. Fine, Asst. U. S. Atty., New York City, of counsel.

Louis Lewison, Jamaica, for defendants Berlind and Sprotzer; Jerome M. Luks, Jamaica, of counsel.

METZNER, District Judge.

The United States of America has moved for reargument of the granting of the motion by defendants Sprotzer and Berlind to strike the cross-complaint of the government. The motion for reargument is granted and on reargument the original determination is adhered to with a modification of the fifth paragraph of the original memorandum. The memorandum as modified reads as follows:

"This is a motion by defendants Sprotzer and Berlind, the owner and driver, respectively, of a taxicab, to strike the cross-complaint of defendant United States of America, the owner of a mail truck. The complaint alleges that the plaintiff was a passenger in the taxicab, which was in a collision with the mail truck, resulting in the injuries complained of.

44

"The answer of the United States of America denies the material allegations of the complaint and also contains a cross-claim for indemnity against Sprotzer and Berlind, on the ground that the mail truck entered the intersection before the taxi, and that the driver of the taxi clearly observed the mail truck and had the last clear chance to avoid the collision.

"The law of New York is applicable in this case. If the United States successfully sustains its position on the trial, then there is no need for the cross-complaint for indemnification. D'Onofrio v. City of New York, 284 App.Div. 688 [134 N.Y.S.2d 569] (S.Ct. A.D. 1st Dept. 1954); Tangney v. Skapof [Sup.], 81 N.Y.S.2d 831; Cretella v. City of New York, [14 Misc.2d 272], 155 N.Y.S.2d 355, aff'd 3 A.D.2d 827 [161 N.Y.S.2d 826] (1957).

"If the plaintiff is successful against all defendants, it will be on the ground that they are joint tort-feasors, and the cross-complaint can only be sustained in that situation on some theory of indemnification.

"It is just such a theory that the government seeks to evolve in this case. Indemnification is predicated on the availability to the government of the last clear chance doctrine.

"Indemnification can only exist because it is imposed by agreement or by law. The law for this purpose distinguishes between active and passive negligence. Putvin v. Buffalo Electric Co., 5 N.Y.2d 447 [186 N.Y.S.2d 15, 158 N.E.2d 691]. Since this complaint alleges active negligence against the government, the cross-complaint must fall since an actively negligent tort-feasor is not entitled to indemnity. Guarnieri v. Kewanee-Ross Corporation [2 Cir.], 263 F.2d 413, rehearing 270 F.2d 575 (2 Cir., 1959); Putvin v. Buffalo Electric Co., supra; see also 25 N.Y.U.L.Rev. 845.

"The motion is granted striking this cross-claim.

"So ordered."