Thomas P. Farley, J.
Defendant Rodenhurst Chevrolet, Inc., hereinafter referred to as “ Rodenhurst ’ moves to dismiss the cross complaint of defendant General Motors Corp. for insufficiency and upon the ground that the same is not interposable under section 264 of the Civil Practice Act.
The complaint contains three separate causes of action. The first two causes of action are directed solely against Rodway, an auto and truck dealer, based on claims of breach of warranty and negligence, respectively, in that Rodway sold plaintiff a defective new 1960 Chevrolet half-ton pickup truck in which plaintiff sustained personal injuries when the rear support torsion bar, spring and connecting bolts suddenly broke while the vehicle was being operated.
The third cause of action is alleged solely against General Motors, the manufacturer of the truck, and charges negligence in that “ the defective and inherently dangerous condition aforementioned was caused by the improper workmanship, construction, and design of the rear torsion bar, spring and connecting bolts being insecure,” and in that “ it failed to make a proper inspection of the vehicle in question prior to its sale and delivery to Rodenhurst, well knowing that same would be offered for sale to members of the general public, and they were * * * *235 further negligent in the defective manufacture of the said vehicle, well knowing or having opportunity to discover that same was inherently dangerous and hazardous and would "be used by purchasers of the vehicle from Rodenhurst.”
Thus the third cause of action, while repeating and realleging many of the allegations of the first two causes of action, seeks to impose liability on General Motors upon explicit allegations of affirmative acts of negligence in the manufacture, testing and inspection of the vehicle and creating the allegedly £ £ inherently dangerous ’ ’ condition producing the injury.
The cross complaint of General Motors against Rodway alleges that the latter, subsequent to the release of the vehicle from the factory, had ££ sole possession, control, direction, management and supervision over the aforementioned automobile and they on May 10, 1960, serviced the aforesaid automobile and created the aforesaid condition and permitted same to remain,” and that defendant££ improperly and inadequately tested, inspected, adjusted and repaired the rear support torsion bar, spring and connecting bolts and appurtenant parts of the motor vehicle involved, or else failed to make the proper tests and inspections relative thereto in a careful and prudent manner which would have disclosed the defective condition * * * and further, that in adjusting, checking, testing and repairing the said motor vehicle * * * the defendant, Rodenhurst * * * impaired and destroyed the efficiency of the rear support torsion bar, spring and connecting bolts so that same broke as complained of ”.
The right of a defendant to implead another (Civ. Prac. Act, § 193-a) or to assert a cross complaint against a codefendant (Civ. Prac. Act, § 264) depends upon his being able to demonstrate a right to be indemnified, by the one sought to be impleaded or named as defendant in the cross complaint. (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447, 454.) Absent an express agreement, General Motors may successfully maintain its cross complaint only if the cause of action against it can reasonably be interpreted as including an allegation of passive negligence. (Berg v. Town of Huntington, 7 N Y 2d 871 ; Mandello v. Brooklyn Doctors Hosp., 8 A D 2d 845.) Even if the primary complaint against General Motors is construed as alleging both active and passive negligence, the cross complaint will be permitted to stand. (Brady v. Weiss & Sons, 6 A D 2d 241.)
A careful examination of the third cause of action reveals that while it repeats many of the allegations of the first and second causes of action, in order to prevail against General Motors, *236 plaintiff must establish specific acts of negligence, i.e., that the motor vehicle was defectively manufactured and that General Motors failed to properly inspect and discover the defects prior to its sale and delivery to Rodway. At first blush, it might seem that the allegations respecting failure to inspect and discover the defects charge merely passive negligence. However, upon analysis it will be seen that, taking these allegations in the context of the complaint, this is not the case. General Motors is sought to be held for creating and manufacturing a defective instrumentality, and the inspection and testing of the vehicle is an integral part of the ordinary manufacturing process. Failure to inspect is generally held to be “ passive negligence ” only in those cases where liability over is sought to be imposed against a party who actuated the original danger. (Anderson v. Liberty Fast Frgt. Co., 285 App. Div. 44 ; Ruping v. Great Atlantic & Pacific Tea Co., 283 App. Div. 204, 206.) A typical case is the cross complaint of a retailer, charged with negligence in failing to inspect and discover a dangerous product, against the manufacturer who created the danger. (See Amantia v. General Motors Corp., 155 N. Y. S. 2d 294.)
The fact that the cross complaint contains conclusory allegations that General Motors’ negligence, if any, was passive, and that Rodway’s negligence consisted of (a) failing to inspect and discover the defects, and (b) creating the dangerous condition during certain adjustment and repair operations performed subsequent to receipt of the vehicle from General Motors, adds nothing of legal significance to the case. (Coffey v. Flower City Carting & Excavating Co., 2 A D 2d 191, affd. 2 N Y 2d 898 ; Brady v. Weiss & Sons, supra.) “ The only pertinent question is what proof can properly be admitted into evidence under the language of the primary complaints.” (Putvin v. Buffalo Elec. Co., supra, p. 459 [emphasis added].) Under the factual situation alleged in the third cause of action, if General Motors be held liable it will be on the ground of active or primary negligence and it would therefore not be entitled to recover over against any other party. (Coffey v. Flower City Carting & Excavating Co., supra ; Cretella v. City of New York, 14 Misc 2d 272, affd. 3 A D 2d 827.) The Appellate Division of this Department reaffirmed this rule in a recent decision, De-Veglio v. Cascade Ind. Uniform Supply Co. (12 A D 2d 980), where it held: ‘1 Under the complaint in the main action, which cannot reasonably be interpreted as including an allegation of passive negligence, the third-party plaintiff may be held liable only upon proof that it was guilty of active negligence in creating the condition which is alleged to have caused the accident Conse *237 quently the third-party complaint does not state a cause of action for indemnity against the third-party defendant (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447).” In view of the above, this motion is granted.