■ (A) THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS WYSOKOWSKI, Appellant, v. JOSEPH P. CONBOY, as Superintendent of Great Meadow Correctional Institution, Respondent. (B) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY LLOYD LEONARD, Appellant. (C) THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANGELO MAMONE, Appellant, v. JOSEPH P. CONBOY, as Superintendent of Great Meadow Correctional Institution, Respondent.— [In each action] Permission to prosecute appeals as poor persons granted. Appeals may be perfected upon one typewritten copy of the records and five typewritten copies of the briefs. Motions in all other respects denied. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH DARLING, Appellant.— Application for an order to show cause denied. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.

## (January 16, 1963)

■ MARGUERITE RIBERDY, Plaintiff, v. DENBY STORES, INC., Appellant, and OTIS ELEVATOR COMPANY, Respondent.— Appeal from an order of the Supreme Court which denied a motion to dismiss for insufficiency a cross complaint in an action to recover for personal injuries sustained by plaintiff when the door of a self-service elevator closed upon her. Plaintiff charges defendant elevator company, which serviced the elevator under a contract with the defendant department store owner, with negligently maintaining the elevator in a defective and dangerous condition, in that the door did not operate properly and was allowed to open and close with great speed and force; charges that defendant owner negligently "permitted" such negligent maintenance; and charges each defendant with negligent failure to inspect. Quite in reverse of the usual situation, the elevator company cross-complains against the store owner, alleging that the elevator was under the exclusive control of the store owner, which directed the movement of passengers in and out of the elevator and, having "peculiar knowledge" of customer traffic conditions, dictated the elevator door timing. However, under the primary complaints, to which we must look for the basis of any right to indemnity (*Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447, 459; *Catronio* v. *Rodenhurst Chevrolet*, 28 Misc 2d 234), we are unable to envisage proof of a factual situation in which an adjudication of liability on the part of the elevator company would rest on merely passive negligence and thus warrant recovery over against the store owner upon a finding of affirmative negligence on its part. If, nevertheless, and contrary to the holding in *Putvin*, we were permitted to look to the cross complaint for a different theory of the store owner's liability to plaintiff, or if we were even to assume that the allegations of the primary complaints are broad enough to encompass it, that theory affords a basis for exculpation of the elevator company rather than for liability and cross relief and hence denies the necessity and propriety of the third-party pleading; and, indeed, whether important or not, the cross complaint specifically alleges third-party plaintiff's freedom from any negligence. Order reversed, with $10 costs, and motion granted. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.