Chief Judge Desmond
(dissenting). This is a classic case of joint tort-feasance barring recovery over.
The rule prohibiting recovery over by one tort-feasor against another means that when two or more defendants are guilty of real, actual, causative (not imputed) negligence, both are primarily and ultimately liable.
This jury properly found that Posillico created the dangerous condition by casting gravel and stones on the parking lot.
The jury properly found that the debris had been on the area since the day before the accident.
The jury properly found that the condition existed for a sufficient time for Associated, owner and operator of the lot, to do something about it.
Since Associated had its own affirmative duty to protect its customers and since it was on notice of the dangerous condition on its own premises, its negligence was actual, real and primary.
The cross complaint should be dismissed.
Judges Fijld, Van Voorhis, Burke and Foster concur with Judge Scileppi as to defendant Posillico Construction, Inc.; as to defendant Associated Dry Goods Corp., Judges Fuld, Van Voorhis, Burke and Foster concur (Judges Fuld and Van Voorhis in the following memorandum): As between themselves we agree that Associated Dry Goods Corp. and Posillico Construction, Inc., were not in pari delicto and that, therefore, there should be recovery over (Tipaldi v. Riverside Mem. Chapel, 273 App. Div. 414, affd. 298 N. Y. 686; Scott v. Curtis, 195 K Y. 424); Chief Judge Desmond dissents and votes to affirm in a separate memorandum in which Judge Dye concurs.
Judgment modified, with costs to defendant Associated Dry Goods Corp. against defendant Posillico Construction, Inc., by reversing that portion which dismissed its cross complaint and by reinstating the judgment of the trial court in this respect; otherwise, judgment affirmed, with costs to plaintiff against both defendants.