Breitel, J.
(dissenting). The order should be modified to dismiss the cross claim of defendant hotel against defendant elevator company and the order should otherwise be affirmed. The hotel, as the owner of the building and of the elevator installed many years ago, was at least equally responsible with ■the elevator maintenance company for the defect which caused the accident and, therefore, is not entitled to recover over on the ground of its secondary or passive negligence as compared with the primary or active negligence of the elevator company.
Undisputably the chain bolt which broke caused the fall of the elevator and the injuries to plaintiff. The bolt had been discarded and was not available to reveal its defective condition, if any. There was some proof that the bolt when inspected did not reveal any patent defect. Uncontradicted is the testimony of the expert witness for plaintiff that the actual cause of the failure of the chain bolt was the defective construction of the *827 elevator. Since its installation by the hotel or its predecessor the elevator platform used for loading merchandise could not reach street sidewalk level but would fall short some five inches. The consequence was that over the many years of its use when loads were placed on the platform the loads would be dropped or tilted with impact on to the platform. Since the shock impact (kinetic as opposed to static energy) worked as a multiplier of the weight load the rated stress for the platform would be exceeded several times. Thus, the expert testified that the shock impact of a 150-pound load (a single beer keg), dropped five inches, was 900 inch pounds. This meant that over the years the chain bolt was being pounded by excessive shocks. This condition, of course, was cumulative and while the bolt, when new, was able to withstand these shocks, it was progressively weakened through the years, • ultimately to give way and break as it did in the instant accident. Defendant hotel testified to its knowledge of the physical condition, the fact that it had also constructed the adjacent sidewalk, and that correction of the condition would entail major expense and replacement of the elevator.
In this ease, plaintiff testified that the elevator fell when he “ tipped ” the last of the four beer kegs on to the platform. As the plaintiff weighed 200 pounds and there were already three 150-pound kegs on the platform, the jury could deduce from the expert’s testimony that the shock impact of the last keg, when added to the existing weight on the elevator, substantially exceeded the rated capacity of the elevator (1,000 pounds) and finally caused the bolt to break.
The record reveals no other explanation for the bolt failure or any persuasive evidence that the bolt was insufficient to support loads of the elevator in normal and proper use.
On this undisputed and uncontradicted evidence it is clear that the hotel was in pari delicto, as a matter of law, with the elevator maintenance company, and is not entitled to recover over on principles of common-law indemnity (Colon v. Board of Educ. of City of N. Y., 11 N Y 2d 446, 451; see Bush Term. Bldgs. Co. v. Luckenbach S. S. Co., 9 N Y 2d 426, 430; Tipaldi v. Riverside Mem. Chapel, 273 App. Div. 414, 420, affd. 298 N. Y. 686; Restatement, Restitution, §§ 98, 102 esp. Comment d).
Accordingly, I agree with the dissenting Justices of the Appel *828 late Division and would modify the order to dismiss the cross claim of defendant-appellant Cadillac Hotel, Inc., against defendant-appellant Wm. F. Weeks Elevator Co., Inc.
Order affirmed.