HUGETTE MAMLOUK, Formerly Known as HUGETTE WILTSHIRE, Plaintiff, v. WELTON BECKET & ASSOCIATES, Defendant and Third-Party Plaintiff-Appellant. COCA-COLA COMPANY, Third-Party Defendant-Respondent.

Concur — Botein, P. J., Tilzer and McNally, JJ.; Stevens and McGivern, JJ. dissent in the following memorandum by McGivern, J.: I dissent and would modify the order of Special Term and the judgment entered thereon to the extent of granting leave to replead, and otherwise affirm. The court below acted in a technically correct fashion when it dismissed the third-party complaint for the reason that it contained allegations disavowing liability (*Coffey* v. *Flower City Carting & Excavating Co.,* 2 A. D 2d 191, 192, affd. 2 N Y 2d 898; *Beckerman* v. *Walter J. Munro, Inc.,* 25 A D 2d 448, 449). Nevertheless, it should have permitted third-party plaintiff to replead, as was requested, setting forth explicit allegations that would warrant a finding of passive negligence on its part. Such facts were slenderly touched upon in the third-party complaint dismissed, but in view of the disavowal of all liability, were not available. The opposing affidavits of the prime defendant and the legal explication of them in the briefs demonstrate that a trier of the facts could hold the prime defendant for passive negligence based on its failure to design properly, supervise and provide a safe place to work. And they would further support a finding of ultimate liability as to the third-party defendant predicated upon its active negligence in creating the conditions which caused plaintiff's injury. Thus, we should grant the request of the prime defendant and permit a repleading. (CPLR 3211, subd [e].) The cross action, resulting from this repleading against the third-party defendant for its active negligence, could be tried simultaneously with the main suit, avoiding multiplicity of actions. And if the prime plaintiff recovers, such a trial would also decide which of the defendants is primarily at fault. (*Crawford* v. *Blitman Constr. Corp.,* 1 A D 2d 398.) This court only recently stated " The courts should be ' reluctant to dismiss third-party complaints at the pleading stage, particularly in cases involving the " passive " " active " dichotomy.' " (*Sheridan* v. *City of New York,* 27 A D 2d 833.) The soundness of this observation clearly indicates the logic of permitting the third-party plaintiff herein to replead. True it is that by repleading, the appellant may create a dilemma for itself, affecting its credibility, but the extent of this is not determinable before a trial. In any event, the mere possibility of a claim over requires that the primary defendant be allowed to interpose a third-party complaint. (*Crawford* v. *Blitman Constr. Corp., supra; Tipaldi* v. *Riverside Mem. Chapel,* 273 App. Div. 414, 418-419, affd. 298 N. Y. 686.)