*1032 OPINION OF THE COURT
John S. Lockman, J.
Motion by defendants Polo Estates at Old Westbury, MPM Development Corporation and Owl Development Corporation for summary judgment is denied.
Plaintiff was injured while riding on the property of the moving defendants, allegedly because of an uprooted tree branch which extended across the bridle path. Defendants claim that they are immune from tort pursuant to General Obligations Law § 9-103 (the "recreational use” statute). The relevant provision states:
"1. Except as provided in subdivision two,
"a. an owner * * * of premises * * * owes no duty to keep the premises safe for entry or use by others for * * * horseback riding * * * or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes;
"b. an owner * * * of premises who gives permission to another to pursue * * * such activities upon such premises does not thereby (1) extend any assurance that the premises are safe for such purpose, or (2) constitute the person to whom permission is granted an invitee to whom a duty of care is owed, or (3) assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted.”
As can be seen, the recreational use statute exempts landowners who permit their property to be used for specified activities from liability for injuries unless there is a "wilful or intentional failure to guard or to warn against a dangerous condition”. (See, Sega v State of New York, 60 NY2d 183, 187.) The "sole purpose” of the statute is " 'to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property to pursue specified activities’ ” (Baisley v State of New York, 163 AD2d 502, 503, quoting Iannotti v Consolidated Rail Corp., 74 NY2d 39, 43). "It would be contrary to reason to assume that the Legislature could have intended that the statute apply in circumstances where neither the basic purpose of the statute, nor, indeed, any purpose could be served” such as in a case where the facility is "open to the public” and thus the owner "needs no encouragement * * * from the prospective immunity offered by the statute” (Ferres v New Rochelle, 68 NY2d 446, 452).
*1033 Here, the equestrian trail owned by the defendants is open to the residents of Old Westbury and defendants "need no encouragement” from the immunity offered by statute. Indeed, they are powerless to close the trail to the easement owners. It is also noted that the recreational use statute applies only when the gratuitous permission of a landowner is concerned. Here, the easement suggests a quid pro quo, an additional factor which would take defendants’ property outside the protection of the statute. Accordingly, the motion for summary judgment is denied.
Defendants’ reliance on the Village Code of Old Westbury, which is permissive with regard to maintenance of equestrian easements by the Village, cannot operate to relieve defendants from their nondelegable duty and liability to third persons. (See, Tipaldi v Riverside Mem. Chapel, 273 App Div 414, 419, affd 298 NY 686.)